COPY

1   MITCHELL SILBERBERG & KNUPP LLP
    ADAM LEVIN (SBN 156773), axl@msk.com
2   JOLENE KONNERSMAN (217574), jrk@msk.com
    11377 West Olympic Boulevard
3   Los Angeles, California 90064-1683
    Telephone: (310) 312-2000
4   Facsimile: (310) 312-3100

5   Attorneys for Defendants
    FRIENDLY FRANCHISEES
6   CORPORATION and JAMES ELLIS,
    erroneously sued as FRIENDLY
7   FRANCHISEES CORPORATION dba
    CARL'S JR. and JAMES ELLIST

FILED
CLERK, U.S. DISTRICT COURT

OCT 26 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11

12   ALI GHOREISHI, an individual,          CASE NO. CV12-9235-JAK (CRZx)

13              Plaintiff,                   Location:
                                             Judge:
        v.
14                                           NOTICE OF REMOVAL;
15   FRIENDLY FRANCHISEES               DECLARATION OF JOLENE
     CORPORATION dba CARL'S JR., a      KONNERSMAN IN SUPPORT
     California Corporation; JAMES      THEREOF
16   ELLIST, an individual; and DOES 1
     through 25, Inclusive,             (Removed from LASC Case No. BC
17                                      492128)
                Defendants.
18                                      (Federal Question Jurisdiction: 28
                                        U.S.C. §§ 1331, 1441)
19
                                        [Civil Cover Sheet, Certification and
20                                      Notice of Interested Parties, and
                                        Corporate Disclosure Statement filed
21                                      concurrently herewith]

22                                      File Date: September 13, 2012
                                        Trial Date: Not yet set
23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

4933649.1

                           NOTICE OF REMOVAL

1   TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR

2   THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF ALI

3   GHOREISHI AND HIS ATTORNEYS OF RECORD:

4   PLEASE TAKE NOTICE THAT all named defendants, Friendly

5   Franchisees Corporation and James Ellis (hereinafter collectively "Defendants"),

6   hereby remove the above-entitled action from the Superior Court of the State of

7   California for the County of Los Angeles to the United States District Court for the

8   Central District of California pursuant to 28 U.S.C. Sections 1331, 1367, and 1441.

9   The removal of this action terminates all proceedings in the Superior Court for the

10  County of Los Angeles. 28 U.S.C. § 1446(d). Defendants' removal of this action

11  is proper for the reasons set forth below.

12      1.      On or about September 13, 2012, Plaintiff Ali Ghoreishi ("Plaintiff

13  or "Ghoreishi"), filed a complaint entitled *Ali Ghoreishi v. Friendly Franchisees*

14  *Corporation dba Carl's Jr.*, et al., Case No. BC 492128, in the Superior Court of

15  the State of California, for the County of Los Angeles (the "State Court Action").

16      2.      On September 26, 2012, named Defendants Friendly Franchisees

17  Corporation and James Ellis were served with copies of the Summons and

18  Complaint in the State Court Action. This Notice of Removal is therefore timely

19  under 28 U.S.C. § 1446(b) as it is being filed within 30 days of service of the

20  Complaint.

21      3.      Defendants are informed and believe that no "Doe" defendant has

22  been served with a Summons and/or the Complaint. Accordingly, all named and

23  served defendants join in this Notice of Removal. This action may be removed by

24  Defendants to federal court pursuant to 28 U.S.C. § 1441.

25      4.      To the best of Defendants' knowledge, the only pleadings or

26  documents that have been filed in the State Court Action consist of the Summons

27  and Complaint, filed on September 13, 2012, which is attached as Exhibit A to the

28  Declaration of Jolene Konnersman, and Defendants' Answer, filed on October 25,

Mitchell
Silberberg &
Knupp LLP
4933649.1.

2012, which is attached as Exhibit B to the Declaration of Jolene Konnersman.
Accordingly, a complete copy of all process, pleadings, and orders served upon
Defendants in the State Court Action are attached as Exhibits A and B to the
Declaration of Jolene Konnersman, as required by 28 U.S.C. § 1446(a).

    5.    The Complaint is a civil action of which this Court has original
jurisdiction under 28 U.S.C. Section 1331 (federal question jurisdiction), and is
one which may be removed to this Court pursuant to 28 U.S.C. Section 1441(a)
("any civil action brought in a State court of which the district courts of the United
States have original jurisdiction, may be removed by the defendant or the
defendants, to the district court of the United States for the district and division
embracing the place where such action is pending.").  The Los Angeles County
Superior Court is located within the Central District of California.  Accordingly,
removal to the United States District Court for the Central District of California is
proper.  See 28 U.S.C. § 1441(a).

    6.    This Court has original jurisdiction over this civil action pursuant to
28 U.S.C. Section 1331, because it is a civil action "arising under the Constitution,
laws, or treaties of the United States."  In particular, and while Defendants deny
Plaintiff's allegations, Plaintiff has expressly alleged in the Complaint that his
Ninth Cause of Action is based upon the alleged failure of Defendants to provide
Plaintiff with a leave of absence under the Family and Medical Leave Act
("FMLA") (29 U.S.C. § 2601, et seq.).  See Complaint, Ninth Cause of Action ¶¶
76, 78 (Exhibit A to Declaration of Jolene Konnersman).  This Court also has
supplemental jurisdiction over Plaintiff's state law claims for discrimination,
harassment, retaliation, failure to prevent same, and intentional infliction of
emotional distress, because those state law claims are "so related to [the federal
FMLA] claim[] . . . that they form part of the same case or controversy under
Article III of the United States Constitution.  28 U.S.C. § 1367(a) ("[I]n any civil
action of which the district courts have original jurisdiction, the district courts shall

have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). Specifically, the Complaint in essence alleges that Plaintiff's termination constitutes discrimination and harassment on a variety of bases, including because of his age, disability and/or because he requested FMLA leave. This entire action, therefore, may properly be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b).

7.   Based on the above, this Court has original jurisdiction over this federal question action pursuant to 28 U.S.C. § 1331, and removal is appropriate pursuant to 28 U.S.C. § 1441(a).

8.   Removal is proper to the Central District of California, Western Division because the district and division embrace Los Angeles County, California.

9.   A written notice as required by 28 U.S.C. Section 1446(d) addressed to the adverse party and to the Clerk of the Superior Court for Los Angeles County, California will be filed in the state court and served on Plaintiff's counsel upon the filing of this Notice of Removal.

DATED: October 26, 2012

ADAM LEVIN
JOLENE KONNERSMAN
MITCHELL SILBERBERG & KNUPP LLP

By: _____
Jolene Konnersman
Attorneys for Defendants
FRIENDLY FRANCHISEES
CORPORATION and JAMES ELLIS

Mitchell
Silberberg &
Knupp LLP

4933649.1.

3

Decl. Of J. Konnersman

# DECLARATION OF JOLENE KONNERSMAN

I, JOLENE KONNERSMAN, declare:

1.    I am an attorney at law licensed to practice before the Courts of the State of California and this United States District Court.  I am, through my professional corporation, a partner in the law firm of Mitchell Silberberg & Knupp LLP, attorneys for Defendants Friendly Franchisees Corporation and James Ellis (collectively "Defendants").  I have personal knowledge of the following facts and, if called and sworn as a witness, could and would competently testify thereto.

2.    Attached hereto as Exhibit A is a true and correct copy of the Summons and Complaint served upon Defendants on September 26, 2012 in the state court action entitled *Ali Ghoreishi v. Friendly Franchisees Corporation dba Carl's Jr.*, et al., Case No. BC 492128 (the "State Court Action").

3.    Attached hereto as Exhibit B is a true and correct copy of the Answer filed by Defendants on October 25, 2012 in the State Court Action.

4.    Exhibits A and B constitute true and correct copies of all process, pleadings, and orders served upon Defendants in the State Court Action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 26th day of October, 2012 at Los Angeles, California.

Jolene Konnersman

Mitchell
Silberberg &
Knupp LLP
4933649.1.

4

DECLARATION OF JOLENE KONNERSMAN

# EXHIBIT A

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** FRIENDLY FRANCHISEES CORPORATION
*(AVISO AL DEMANDADO):* dba. CARL'S JR., a California
Corporation; JAMES ELLIST, an Individual; and DOES 1
through 25, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** ALI GHOREISHI, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* Individual

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

SEP 13 2012

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Stanley Mosk
111 North Hill Street
111 North Hill Street
Los Angeles, 90012

CASE NUMBER:
*(Número del Caso):* BC 4 9 2 1 2 8

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Tracy Neal-Lopez (SBN 225367)        (310) 826-6300   (310) 820-1258
Mesriani Law Group, A PLC
510 Arizona Ave.
Santa Monica, CA 90401  SEP 13 2012

DATE:                                   JOHN A. CLARKE          Shaunya Wesley
*(Fecha)*                               CLERK, ___              , Deputy
                                        *(Secretario)*          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

Sep. 26

1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Legal
Solutions
& Plus

Code of Civil Procedure §§ 412.20, 465

Exhibit A
Page 5

| SHORT TITLE: GHOREISHI v FRIENDLY FRANCHISEES CORPORATION, et al | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5-7   ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 1 of 4

Exhibit A
Page 6

| SHORT TITLE: GHOREISHI v FRIENDLY FRANCHISEES CORPORATION, et al | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 8. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

Exhibit A
Page 7

| SHORT TITLE: GHOREISHI v FRIENDLY FRANCHISEES CORPORATION, et al | CASE NUMBER |
| --- | --- |

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons -<br>See Step 3 Above |
| --- | --- | --- | --- |
| **Judicial Review** | | | |
| Asset Forfeiture (05) | ☐ A6108 | Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115 | Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| Writ of Mandate (02) | ☐ A6151 | Writ - Administrative Mandamus | 2., 8. |
| | ☐ A6152 | Writ - Mandamus on Limited Court Case Matter | 2. |
| | ☐ A6153 | Writ - Other Limited Court Case Review | 2. |
| Other Judicial Review (39) | ☐ A6150 | Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | | | |
| Antitrust/Trade Regulation (03) | ☐ A6003 | Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect (10) | ☐ A6007 | Construction Defect | 1., 2., 3. |
| Claims Involving Mass Tort (40) | ☐ A6006 | Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litigation (26) | ☐ A6035 | Securities Litigation Case | 1., 2., 8. |
| Toxic Tort Environmental (30) | ☐ A6036 | Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage Claims from Complex Case (41) | ☐ A6014 | Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | | | |
| Enforcement of Judgment (20) | ☐ A6141 | Sister State Judgment | 2., 9. |
| | ☐ A6160 | Abstract of Judgment | 2., 6. |
| | ☐ A6107 | Confession of Judgment (non-domestic relations) | 2., 9. |
| | ☐ A6140 | Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | ☐ A6114 | Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | ☐ A6112 | Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | | | |
| RICO (27) | ☐ A6033 | Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints (Not Specified Above) (42) | ☐ A6030 | Declaratory Relief Only | 1., 2., 8. |
| | ☐ A6040 | Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | ☐ A6011 | Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | ☐ A6000 | Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | | | |
| Partnership Corporation Governance (21) | ☐ A6113 | Partnership and Corporate Governance Case | 2., 8. |
| Other Petitions (Not Specified Above) (43) | ☐ A6121 | Civil Harassment | 2., 3., 9. |
| | ☐ A6123 | Workplace Harassment | 2., 3., 9. |
| | ☐ A6124 | Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | ☐ A6190 | Election Contest | 2. |
| | ☐ A6110 | Petition for Change of Name | 2., 7. |
| | ☐ A6170 | Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | ☐ A6100 | Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)<br>
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**<br>
**AND STATEMENT OF LOCATION**

Local Rule 2.0<br>
Page 3 of 4

Exhibit A
Page 8

| SHORT TITLE: GHOREISHI v. FRIENDLY FRANCHISEES CORPORATION, et al | CASE NUMBER |
|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.  ☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: 510 Arizona Ave |
|---|---|
| CITY: Santa Monica | STATE: CA | ZIP CODE: 90401 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the __Stanley Mosk__ courthouse in the __Central__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: __September 12, 2012__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)     **CIVIL CASE COVER SHEET ADDENDUM**     Local Rule 2.0
LASC Approved 03-04     **AND STATEMENT OF LOCATION**     Page 4 of 4

Exhibit A
Page 9

1 | RODNEY MESRIANI (SBN 184875)
TRACY NEAL-LOPEZ (SBN 225367)
2 | MESRIANI LAW GROUP
A PROFESSIONAL LAW CORPORATION
3 | 510 Arizona Avenue
Santa Monica, CA 90401
4 | Tel:    (310) 826-6300
Fax:   (310) 820-1258
5 |
6 |
Attorneys for Plaintiff ALI GHOREISHI
7 |

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Cou

SEP 13 2012

John A. Clarke, Executive Officer/C
By _____ Dep
SHAUNRA WESLEY

8 |               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |                       FOR THE COUNTY OF LOS ANGELES

10 |

11 | ALI GHOREISHI, an Individual;        )  CASE NO.   BC 492 128
12 |               Plaintiff,             )  COMPLAINT FOR:
13 |          v.                          )
14 |                                      )  1. AGE DISCRIMINATION;
    |                                      )  2. AGE HARASSMENT;
15 | FRIENDLY FRANCHISEES                  )  3. DISABILITY DISCRIMINATION;
    | CORPORATION dba. CARL'S JR., a       )  4. DISABILITY HARASSMENT;
16 | California Corporation;               )  5. FAILURE TO ACCOMMODATE
    | JAMES ELLIST, an Individual; and     )     DISABILITY;
17 | DOES 1 through 25, Inclusive,         )  6. FAILURE TO ENGAGE IN THE
    |                                      )     INTERACTIVE PROCESS OF
18 |               Defendants.            )     ACCOMMODATION;
19 |                                      )  7. FAILURE TO PREVENT AND
    |                                      )     REMEDY DISCRIMINATION AND
20 |                                      )     HARASSMENT;
    |                                      )  8. RETALIATION FOR REQUESTS
21 |                                      )     FOR ACCOMMODATION,
    |                                      )     COMPLAINTS OF DISABILITY
22 |                                      )     DISCRIMINATION AND/OR
    |                                      )     HARASSMENT;
23 |                                      )  9. FAMILY AND MEDICAL LEAVE
24 |                                      )     DISCRIMINATION /
    |                                      )     RETALIATION IN VIOLATION
25 |                                      )     OF FEHA, FMLA & CFRA;
    |                                      )  10. WRONGFUL TERMINATION IN
26 |                                      )     VIOLATION OF PUBLIC POLICY;
27 | _____        )     AND
28 |

                                     1
                                COMPLAINT

)   **11. INTENTIONAL INFLICTION OF**
)      **EMOTIONAL DISTRESS**
)
)   **DEMAND FOR JURY TRIAL**
)

Plaintiff ALI GHOREISHI, for his Complaint against all Defendants, including DOES 1 through 25, claims and alleges as follows:

<u>PARTIES</u>

1.    Plaintiff ALI GHOREISHI ("Ghoreishi") is an individual, who at all times relevant to this action, resided in the County of Los Angeles, State of California. At all relevant times, Defendant FRIENDLY FRANCHISEES CORPORATION ET AL dba. CARL'S JR. employed Plaintiff Ghoreishi.

2.    Plaintiff is informed and believes, and thereon alleges that Defendant FRIENDLY FRANCHISEES CORPORATION ET AL dba. CARL'S JR. (hereafter "Carl's Jr.") is, and at all times pertinent hereto, is a California corporation with its place of business in the County of Orange, State of California.

3.    Plaintiff is informed and believes, and thereon alleges that Defendant JAMES ELLIST (hereafter "Ellist") is, and at all times pertinent hereto, was an individual residing in the County of Los Angeles, State of California. Plaintiff is informed and believes, and thereon alleges that Defendant Ellist is, and at all times pertinent hereto, the district manager of the same Carl's Jr. branch where Plaintiff was employed.

4.    The true names and/or capacities, whether individual, corporate, associate, or otherwise of defendants Does 1 - 25, inclusive, are currently unknown to Plaintiff, who therefore now sue said defendants pursuant to *California Civil Code* section 474 by such fictitious names. Plaintiff will amend this complaint to insert their true names and/or capacities upon ascertainment, or alternatively, conform the pleadings to proof at the time of trial. Plaintiff is informed and believes and thereon alleges that at all times relevant herein each such fictitiously named defendant was and is responsible in some manner for the occurrences herein alleged, and

2
COMPLAINT

1 | that Plaintiff's injuries and/or damages were and are directly and/or proximately caused thereby.
2 | Plaintiff is informed and believes and thereon alleges that each such fictitiously named defendant
3 | is directly and/or indirectly liable on one or more of the causes of action set forth herein.
4 | Defendants Carl's Jr., Ellist and Does 1 through 25 are sometimes referred to collectively herein
5 | as "Defendants."

6 |     5.     Plaintiff is informed and believes, and thereon alleges, that except as may
7 | otherwise be required or presumed by law, at all times herein mentioned, each and every one of
8 | the Defendants was the agent, servant, employee and/or joint venturer of his/her/its co-defendant,
9 | and was, as such, in doing the things hereinafter mentioned, acting within the scope, course and
10 | authority of such agency, employment and/or joint venture.

11 | **GENERAL ALLEGATIONS**

12 |     6.     Plaintiff re-alleges and incorporates by reference, as though fully set forth herein,
13 | Paragraphs 1 through 5 of this Complaint.

14 |     7.     In 1988, Plaintiff Ghoreishi commenced his employment with Defendant Carl's
15 | Jr. as a store manager. Plaintiff was initially employed as a store manager at Defendant Carl's Jr.
16 | Van Nuys establishment. After only nine months of hard work and outstanding performance, in
17 | 1989 Plaintiff was promoted to general manager.

18 |     8.     After fifteen (15) months of working at the Van Nuys branch, Plaintiff was
19 | transferred to Defendant Carl's Jr. Woodland Hills branch. Plaintiff worked at the Woodland
20 | Hills branch for nineteen (19) years. During his tenure at the Woodland Hills branch, Plaintiff
21 | won several awards, including, but not limited to, Manager of the Year, all American Manager,
22 | and Highest Increase in Sales. Plaintiff served the company well, as shown by his numerous
23 | awards of excellence.

24 |     9.     In the year 2010, Plaintiff was transferred from Defendant Carl's Jr. Woodland
25 | Hills branch to the Chatsworth branch. While working at the Chatsworth branch, Plaintiff's
26 | office was located in the basement of the store. Plaintiff was forced to go up and down stairs in
27 | order to perform his daily duties. Unfortunately, the process of climbing up and down the stairs
28 | took its toll on Plaintiff's knee. In fact, Plaintiff fell down the stairs twice during his

3

COMPLAINT

1  employment at the Chatsworth branch.  As a result of the falls, and the constant walking up and

2  down the stairs, Plaintiff severally injured his knee.  Plaintiff reported his prior falls and the

3  resulting knee injury to Defendants.

4        10.    Subsequently, Defendant Ellist was hired as the new district manager overseeing

5  the Chatsworth branch.  Immediately, Defendant Ellis started to harass and discriminate against

6  Plaintiff because of his age and disability.  In fact, Plaintiff would often hear Defendant Ellist

7  mention to other employees that he would do his best to force Plaintiff to leave his employment.

8  On numerous occasions, Defendant Ellist ordered Plaintiff to work on his day off.  Furthermore,

9  if Plaintiff informed Defendant Ellist that he might not be available to work on his day off, he

10  would threaten him by stating, "Come to work or you know what will happen to you."

11        11.    Additionally, on several occasions Defendant Ellist asked Plaintiff when he would

12  retire, even though, Plaintiff had not mentioned any prior interest in retiring.  Defendant Ellist

13  also attempted to set Plaintiff up for failure by manipulating the employee work schedule, which

14  caused the Chatsworth branch to suffer a disruption in labor.  Plaintiff complained about the

15  aforementioned acts of discrimination and harassment against him to Defendants, but nothing

16  was done in response.

17        12.    Plaintiff also was the victim of discrimination and harassment as a result of his

18  painful knee condition.  In March of 2011, Plaintiff arranged to have knee surgery to alleviate the

19  pain.  During the week of March 22nd, Plaintiff informed Defendant Ellist that he would be

20  undergoing surgery and would require a few months off to recover.  In response, Defendant

21  Ellist remarked, "You're joking."  The following week, Defendant Carl's Jr., wrongfully

22  terminated Plaintiff's employment on March 30, 2011.

23        13.    To make matters worse, Defendant Carl's Jr. failed to notify and inform Plaintiff

24  of his right to COBRA insurance coverage after his wrongful termination.  Therefore, not only

25  was Plaintiff wrongfully terminated, but he was also left without medical benefits to pay for his

26  much needed knee surgery.

27        14.    Defendant Carl's Jr. claims that Plaintiff was terminated for cause.  However,

28  subsequent to Plaintiff's termination, he was forwarded a letter on May 27, 2011, indicating that

4

COMPLAINT

1    he was a "great employee." It is evident that, Plaintiff Ghoreishi was terminated because of his

2    advanced age 61 years old and because he reported his serious health condition—a painful knee

3    condition. Rather than engage in the interactive process and accommodate Plaintiff, Defendant

4    wrongfully terminated his employment.

5         15.    Due to Plaintiff's sudden and wrongful termination, Plaintiff has suffered, and

6    continues to suffer, severe emotional distress, including, but not limited to, emotional distress,

7    anxiety, and mental suffering.

8         16.    Consequently, Plaintiff filed complaints of age and disability discrimination and

9    harassment with the California Department of Fair Employment and Housing (DFEH) and

10   received his Right-To-Sue Notice issued on March 2, 2012, which was thereafter amended on

11   July 20, 2012. True and accurate copies of Plaintiff's Right-To-Sue Notices are attached hereto

12   as Exhibits 1 and 2, respectively.

13                          **FIRST CAUSE OF ACTION**

14                            **AGE DISCRIMINATION**

15                      **AGAINST DEFENDANT CARL'S JR.**

16        17.    Plaintiff re-alleges and incorporates by reference, as though fully set forth herein,

17   Paragraphs 1 through 16 of this Complaint.

18        18.    Plaintiff was at all times hereto an "employee" within the meaning of California

19   Government Code § 12926(c) and California Government Code § 12940(a) and (c), which

20   prohibit age discrimination in employment.

21        19.    Defendant Carl's Jr. was at all material times an "employer" as defined by

22   California Government Code § 12926(d) and within the meaning of California Government Code

23   § 12940(a) and (c) and, as such, was barred from discriminating or retaliating in employment

24   decisions on the basis of age as set forth in California Government Code § 12940.

25        20.    Defendant Carl's Jr. have discriminated against Plaintiff on the basis of age, in

26   violation of California Government Code § 12940(a) and (c), Article I of the California

27   Constitution and related statutes by engaging in the course of conduct more fully set forth in the

28   General Allegations stated above.

5

COMPLAINT

21.     As a result of Defendant Carl's Jr.'s unlawful discrimination against Plaintiff, Plaintiff has suffered and continues to suffer (a) substantial humiliation, serious mental anguish, and emotional and physical distress; and (b) loss of past and future earnings, and employment benefits and opportunities, all on account of which Plaintiff is entitled to compensatory damages. The exact amount and nature of such damages exceeds the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or prove the same at the time of trial.

22.     The discriminatory practices toward Plaintiff, alleged in the General Allegations set forth above, were approved and ratified by Defendant Carl's Jr.

23.     As more fully set forth above, the age discrimination by Defendant Carl's Jr. was committed intentionally, maliciously, wantonly, oppressively, and fraudulently with a conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff, which acts amounted to oppression, fraud, and malice, as described in California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example of Defendant Carl's Jr. The conduct of Defendant Carl's Jr, was clearly malicious, oppressive, and despicable.

<u>SECOND CAUSE OF ACTION</u>

**AGE HARASSMENT**

**AGAINST ALL DEFENDANTS**

24.     Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 23 of this Complaint.

25.     Plaintiff was at all times hereto an "employee" within the meaning of California Government Code § 12926(c) and California Government Code § 12940(a) and (c), which prohibit age harassment. Age harassment within the meaning of those sections, includes harassment and failure to take all reasonable steps necessary to prevent discrimination or harassment on the basis of age.

26.     Defendant Carl's Jr. was at all material times an "employer" as defined by California Government Code § 12926(d) and within the meaning of California Government Code

6

COMPLAINT

1  § 12940(a) and (c) and, as such, was barred from harassing or retaliating in employment

2  decisions on the basis of age as set forth in <u>California Government Code</u> § 12940.

3        27.    Defendant Ellist is a managerial and supervisory employee of Defendant Carl's Jr.

4  who had a duty to Plaintiff to refrain from age discrimination and harassment and to take all

5  reasonable steps to prevent and correct unlawful age discrimination and harassment in the

6  workplace.

7        28.    Defendants harassed Plaintiff on the basis of age, in violation of <u>California</u>

8  <u>Government Code</u> § 12940(a) and (c), Article I of the <u>California Constitution</u> and related statutes

9  by engaging in the course of conduct more fully set forth in the General Allegations stated

10  above.

11        29.    As a result of Defendants' unlawful harassment of Plaintiff, Plaintiff has suffered

12  and continues to suffer (a) substantial humiliation, serious mental anguish, and emotional and

13  physical distress; and (b) loss of past and future earnings, and employment benefits and

14  opportunities, all on account of which Plaintiff is entitled to compensatory damages. The exact

15  amount and nature of such damages exceeds the jurisdictional limits of this court, but are

16  presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon

17  ascertaining such information, or will prove the same at the time of trial.

18        30.    The harassment of Plaintiff, alleged in the General Allegations set forth above,

19  was approved and ratified by the Defendants, and each of them.

20        31.    As more fully set forth above, the age harassment by Defendants was committed

21  intentionally, maliciously, wantonly, oppressively, and fraudulently with a conscious disregard

22  for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause

23  the injuries sustained by Plaintiff, which acts amounted to oppression, fraud, and malice, as

24  described in <u>California Civil Code</u> § 3294. Plaintiff is therefore entitled to punitive or exemplary

25  damages in an amount sufficient to punish and make an example of Defendants. The conduct of

26  Defendants, and each of them, was clearly malicious, oppressive, and despicable.

27

28

7<br>COMPLAINT

1      **THIRD CAUSE OF ACTION**

2      **DISABILITY DISCRIMINATION**

3      **AGAINST DEFENDANT CARL'S JR.**

4          32.    Plaintiff re-alleges and incorporates by reference, as though fully set forth herein,

5   Paragraphs 1 through 31 of this Complaint.

6          33.    Plaintiff was at all times hereto an "employee" within the meaning of California

7   Government Code § 12926(c) and California Government Code §§ 12940(a) and (c), which

8   prohibit disability discrimination in employment.

9          34.    Defendant Carl's Jr. was at all material times an "employer" as defined by

10  California Government Code § 12926(d) and within the meaning of California Government Code

11  §§ 12940(a) and (c) and, as such, was barred from discriminating in employment decisions on

12  the basis of disability, as set forth in California Government Code § 12940.

13         35.    Defendant Carl's Jr. has discriminated against Plaintiff on the basis of his

14  disability in violation of California Government Code §§ 12940(a) and (c), Article I of the

15  California Constitution and related statutes, by engaging in the course of conduct more fully set

16  forth in the General Allegations and all paragraphs stated above.

17         36.    As a result of Defendant Carl's Jr.'s  unlawful discrimination against Plaintiff

18  based upon his disability, Plaintiff has suffered and continues to suffer (a) substantial

19  humiliation, serious mental anguish, and emotional and physical distress; and (b) loss of past and

20  future earnings, and employment benefits and opportunities, on account of which Plaintiff is

21  entitled to compensatory damages.  The exact amount and nature of such damages exceed the

22  jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek

23  leave to amend this Complaint upon ascertaining such information, or will prove the same at the

24  time of trial.

25         37.    As more fully set forth above, the disability discrimination by Defendant Carl's

26  Jr. was committed intentionally, maliciously, wantonly, oppressively, and fraudulently with a

27  conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy

28  Plaintiff so as to cause the injuries sustained by Plaintiff.  Such acts amounted to oppression,

8

**COMPLAINT**

1   fraud, and malice, as described in California Civil Code § 3294.  Plaintiff is therefore entitled to

2   punitive or exemplary damages in an amount sufficient to punish and make an example of

3   Defendant.

**FOURTH CAUSE OF ACTION**

**DISABILITY HARASSMENT**

**AGAINST ALL DEFENDANTS**

7       38.     Plaintiff re-alleges and incorporates by reference, as though fully set forth herein,

8   Paragraphs 1 through 37 of this Complaint.

9       39.     Plaintiff was at all times hereto an "employee" within the meaning of California

10  Government Code § 12926(c) and California Government Code §§ 12940(a) and (c), which

11  prohibit disability harassment in employment.

12      40.     Defendant Carl's Jr. was at all material times an "employer" within the meaning

13  of California Government Code § 12926(d) and California Government Code §§ 12940(a) and

14  (c) and, as such, was barred from harassing and discriminating in employment decisions on the

15  basis of disability possessed or thought to be possessed by an employee, as set forth in California

16  Government Code § 12940.20.

17      41.     Defendant Ellist is a managerial and supervisory employee of Defendant Carl's Jr.

18  who owed a duty to Plaintiff to refrain from disability discrimination and harassment and to take

19  all reasonable steps to prevent and correct unlawful disability discrimination and harassment in

20  the workplace.

21      42.     Defendants harassed Plaintiff on the basis of disability, in violation of California

22  Government Code §§ 12940(a) and (c), Article I of the California Constitution and related

23  statutes by engaging in the course of conduct more fully set forth in the General Allegations

24  stated above.

25      43.     Defendants failed to take all necessary steps to offer reasonable accommodations

26  to Plaintiff, and failed to take immediate and appropriate action to provide Plaintiff with proper

27  accommodations, thus violating California Government Code § 12940(m), Article I of the

28

9

COMPLAINT

California Constitution and related statutes, by engaging in the course of conduct set forth in the General Allegations stated above, among other things.

44.     Specifically, Defendants failed to take adequate action to rectify its mistakes, as well as to offer adequate accommodations to Plaintiff for his known disability.  Defendants were duly informed of Plaintiff's disability and were provided with written notice regarding his surgery and subsequent recovery time.  However, instead of accommodating Plaintiff's reported disability, Defendants wrongfully terminated him on March 30, 2011.

45.     The unlawful harassment, as alleged in the General Allegations set forth above, toward Plaintiff was approved and ratified by Defendants, and each of them.

46.     As a proximate result of Defendants' harassment of Plaintiff, Plaintiff has suffered (a) humiliation, serious mental anguish, and emotional and physical distress; and (b) loss of past and future earnings and employment benefits and opportunities; all on account of which Plaintiff is entitled to compensatory damages.  The amount and nature of such damages exceed the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same at the time of trial.

47.     As more fully set forth above, the disability harassment by Defendants was committed intentionally, maliciously, wantonly, oppressively, and fraudulently with a conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff.  Such acts amounted to oppression, fraud, and malice, as described in California Civil Code § 3294.  Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example of Defendants.

### FIFTH CAUSE OF ACTION

### FAILURE TO ACCOMODATION DISABILITY

### AGAINST DEFENDANT CARL'S JR.

48.     Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 47 of this Complaint.

10

COMPLAINT

49.     Defendant Carl's Jr. failed to take all necessary steps to offer reasonable accommodations to Plaintiff and failed to take immediate and appropriate action to provide Plaintiff with proper accommodations, thus violating <u>California Government Code</u> § 12940 (m), by engaging in the course of conduct set forth in the General Allegations stated above, among other things.

50.     Defendant Carl's Jr. failed to take any adequate action to rectify its mistakes, as well as to offer or provide adequate accommodations to Plaintiff, taking into consideration their express knowledge of his serious health condition.

51.     As a proximate result of Defendant Carl's Jr.'s harassment of Plaintiff, Plaintiff has suffered (a) humiliation, serious mental anguish, and emotional and physical distress; and (b) loss of past and future earnings, and employment benefits and opportunities; all on account of which Plaintiff is entitled to compensatory damages. The amount and nature of such damages exceed the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same at the time of trial.

52.     As more fully set forth above, the disability harassment by Defendant Carl's Jr. was committed intentionally, maliciously, wantonly, oppressively, and fraudulently with a conscious disregard of Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff. Such acts amounted to oppression, fraud, and malice, as described in <u>California Civil Code</u> § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example of Defendant Carl's Jr.

<u>SIXTH CAUSE OF ACTION</u>

**FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS OF ACCOMMODATION OF DISABILITY AGAINST DEFENDANT CARL'S JR.**

53.     Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 52 of this Complaint.

11

COMPLAINT

54.     Plaintiff was at all times hereto an "employee" within the meaning of California Government Code §12926(c) and California Government Code §§12940(a) and (c), which prohibit disability/medical condition harassment/discrimination in employment.

55.     Defendant Carl's Jr. was at all material times an "employer" within the meaning of California Government Code §12926(d) and California Government Code §§ 12940(a) and (c) and, as such, was barred from harassment/discrimination of Plaintiff on the basis of disability, perceived disability, or medical condition possessed or thought to be possessed by an employee, as set forth in California Government Code §12940.

56.     At the time of Plaintiff's employment with Defendant Carl's Jr., he suffered from serious health conditions related that limited his major life activities, as set forth in the General Allegations and all paragraphs stated above, among other things.

57.     Despite having notice of Plaintiff's serious health condition, and notice of Plaintiff's request for a reasonable accommodation, Defendant Carl's Jr. failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations in violation of California Government Code §12940(n).

58.     As a result of Defendant Carl's Jr.'s failure to engage in the interactive process of accommodation of his known disabilities, Plaintiff has suffered and continues to suffer (a) substantial humiliation, serious mental anguish, and emotional and physical distress; and (b) loss of past and future earnings, and employment benefits and opportunities, on account of which Plaintiff is entitled to compensatory damages.  The exact amount and nature of such damages exceed the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same at the time of trial.

59.     As more fully set forth above, Defendant Carl's Jr.'s failure to engage in the interactive process to accommodate Plaintiff's known disabilities was committed intentionally, maliciously, wantonly, oppressively, and fraudulently with a conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries

12

COMPLAINT

1  sustained by Plaintiff.  Such acts amounted to oppression, fraud, and malice, as described in

2  California Civil Code § 3294.  Plaintiff is therefore entitled to punitive or exemplary damages in

3  an amount sufficient to punish and make an example of Defendant Carl's Jr.

4  <u>SEVENTH CAUSE OF ACTION</u>

5  **FAILURE TO PREVENT AND REMEDY DISCRIMINATION AND HARASSMENT**

6  **AGAINST DEFENDANT CARL'S JR.**

7  60.     Plaintiff re-alleges and incorporates by reference, as though fully set forth herein,

8  Paragraphs 1 through 59 of this Complaint.

9  61.     Defendant Carl's Jr. failed to take all reasonable steps to prevent the

10  discrimination and harassment of Plaintiff from occurring, in violation of California Government

11  Code § 12940(j) and (k), by engaging in the course of conduct set forth in the General

12  Allegations and all paragraphs stated above, among other things.

13  62.     Defendant Carl's Jr. was aware that Plaintiff was subjected to discrimination and

14  harassment on account of his age and disability, yet failed to take immediate and appropriate

15  corrective action to remedy the discrimination and harassment or to correct those managers,

16  supervisors and employees who were discriminating against and harassing Plaintiff or enabling

17  others to discriminate against and harass Plaintiff.  If Defendant Carl's Jr. has a written policy

18  addressing the issue of age/disability discrimination and harassment, the policy was not enforced

19  and was consistently disregarded.

20  63.     As a result of Defendant Carl's Jr.'s failure to prevent the unlawful discrimination

21  and harassment of Plaintiff, Plaintiff has suffered and continues to suffer substantial (a)

22  humiliation, serious mental anguish, and emotional and physical distress; and (b) loss of past and

23  future earnings, and employment benefits and opportunities, on account of which Plaintiff is

24  entitled to compensatory damages.  The exact amount and nature of such damages exceed the

25  jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek

26  leave to amend this Complaint upon ascertaining such information, or will prove the same at the

27  time of trial.

28

64.     As more fully set forth above, Defendant Carl's Jr.'s failure to prevent discrimination and harassment was committed intentionally, maliciously, wantonly, and oppressively, with a conscious disregard of Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff, as described in California Civil Code § 3294.  Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example of Defendant Carl's Jr.

## EIGHTH CAUSE OF ACTION

### RETALIATION FOR REQUESTS FOR ACCOMMODATION, COMPLAINTS OF DISABILITY DISCRIMINATION AND/OR HARASSMENT IN VIOLATION OF FEHA AGAINST DEFENDANT CARL'S JR.

65.     Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 64 of this Complaint.

66.     Under the Fair Employment and Housing Act ("FEHA"), California Government Code § 12940 et. seq., it is an unlawful employment practice for an employer to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under the Fair Employment and Housing Act.

67.     Under the Fair Employment and Housing Act ("FEHA"), California Government Code § 12940 et. seq., it is an unlawful employment practice for an employer, because of a person's disability, to bar or discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment.

68.     It is unlawful, under the Fair Employment and Housing Act ("FEHA), Government Code section 12940, for an employer to fail to make reasonable accommodation for the known physical or mental disability of an employee.  It is unlawful, under the Fair Employment and Housing Act ("FEHA), California Government Code § 12940, for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations for an employee with a known physical or mental disability.  It is unlawful, under the Fair Employment and Housing Act ("FEHA), California

14

COMPLAINT

1   Government Code § 12940, California Government Code § 12940 et seq., because of a person's

2   disability, to harass an employee.

3           69.     Plaintiff requested reasonable accommodation, requested to engage in an

4   interactive process, opposed disability discrimination and/or harassment by Defendant Carl's Jr.,

5   complained that Defendant Carl's Jr. failed to provide reasonable accommodation, failed to

6   engage in an interactive process, committed disability discrimination and/or harassment,

7   protested disability discrimination and/or harassment by Defendant Carl's Jr., participated in

8   investigations of disability discrimination and/or harassment against Defendant Carl's Jr., filed a

9   complaint of disability discrimination and/or harassment against Defendant Carl's Jr..  At the

10  time Plaintiff engaged in the aforementioned activity, Plaintiff was engaged in protected activity

11  under the FEHA.

12          70.     Defendant Carl's Jr. made decisions adverse to the Plaintiff in regard to

13  compensation and terms, conditions and privileges of employment.  Defendant Carl's Jr. actually

14  terminated the Plaintiff, refused to employ Plaintiff, and/or failed to reinstate the Plaintiff in the

15  terms, conditions, and privileges of employment, and harassed Plaintiff.

16          71.     Plaintiff's aforementioned protected activity, as described hereinabove, was a

17  motivating factor in Defendant Carl's Jr.'s decisions that were adverse to Plaintiff, in regard to

18  compensation and terms, conditions and privileges of employment.

19          72.     As a direct, legal, and proximate cause of Plaintiff's aforementioned protected

20  status, described hereinabove, Defendant Carl's Jr. retaliated against Plaintiff including, but not

21  limited to, the following ways:  harassed and discriminated against Plaintiff; failed to engage

22  Plaintiff in the interactive process; failed to accommodate Plaintiff; and wrongfully terminated

23  Plaintiff's employment.

24          73.     As a result of Defendant Carl's Jr.'s retaliation of Plaintiff, Plaintiff has suffered

25  and continues to suffer substantial (a) humiliation, serious mental anguish, and emotional and

26  physical distress; and (b) loss of past and future earnings, and employment benefits and

27  opportunities, on account of which Plaintiff is entitled to compensatory damages.  The exact

28  amount and nature of such damages exceed the jurisdictional limits of this court, but are

15

COMPLAINT

Exhibit A
Page 24

presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same at the time of trial.

74.     As more fully set forth above, Defendant Carl's Jr.'s retaliatory acts were committed intentionally, maliciously, wantonly, and oppressively, with a conscious disregard of Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff, as described in <u>California Civil Code</u> § 3294.  Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example of Defendant Carl's Jr.

<u>NINTH CAUSE OF ACTION</u>

FAMILY & MEDICAL LEAVE DISCRIMINATION/ RETALIATION IN VIOLATION

OF FEHA, FMLA & CFRA AGAINST DEFENDANT CARL'S JR

75.     Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 74 of this Complaint.

76.     Under the Fair Employment and Housing Act ("FEHA"), Government Code §12940 et. seq., and more specifically, the California Family Rights Act ("CFRA") as well as FMLA, it is an unlawful employment practice for an employer to refuse to grant a request by any employee to take up to 12 workweeks in any 12 month period for family and medical leave.  It is an unlawful employment practice for the employer to fail to guarantee, to each employee taking family or medical leave employment in the same or comparable position at the end of the family or medical leave.  It is an unlawful employment practice for an employer to refuse to hire, to discharge, fine, suspend, expel, discrimination or harass an employee because of an employee's exercise of the right to family care and medical leave.

77.     At all times mentioned in this complaint, Defendant Carl's Jr. was an employer and Defendant Carl's Jr. employed more than 50 employees in a 75 mile radius of plaintiff's place of work.

78.     Defendant Carl's Jr. designated Plaintiff's time off request as a FMLA/CFRA medical leave and is estopped from arguing he did not qualify.

16

COMPLAINT

79.   Plaintiff's protected status under the FEHA is Plaintiff's exercise of and/or attempts to exercise family and/or medical leave rights, and/or Plaintiff giving information and/or testimony in an inquiry and/or proceedings related to rights guaranteed under the California Family Rights Act.  Plaintiff complied with all applicable notice requirements, if any, of Defendant Carl's Jr. and of the California Family Rights Act.

80.   Defendant Carl's Jr. knew, perceived, and/or believed that Plaintiff had the aforementioned protected status, described hereinabove.

81.   Defendant Carl's Jr. failed and refused to comply with the California Family Rights Act, as described hereinabove.  Defendant Carl's Jr. refused to grant Plaintiff's family and medical leave; failed to guarantee Plaintiff's employment in the same or comparable position at the end of family or medical leave; and/or refused to hire, discharged, fined, suspended, expelled, demoted, constructively discharged, refused to promote, failed to reinstate, discriminated against and/or harassed Plaintiff because of Plaintiff's exercise of and/or attempts to exercise family and/or medical leave rights and/or because of Plaintiff's giving information and/or testimony as to plaintiff's family and medical leave in an inquiry and/or proceedings related to rights guaranteed under the California Family Rights Act.

82.   The Plaintiff's exercise of, attempts to exercise and/or cooperation in providing information for family and medical leave was one of the motivating factor in Defendant Carl's Jr.'s aforementioned decisions that were adverse to Plaintiff.  Plaintiff's exercise of, attempts to exercise and/or cooperation in providing information for family and medical leave was a motivating factor in Defendant Carl's Jr.'s aforementioned decision to actually refuse to hire Plaintiff; refuse to employ Plaintiff, failure to reinstate Plaintiff, failure to guarantee Plaintiff's employment in the same or similar position after family and medical leave, discriminate against Plaintiff, fine Plaintiff, suspend Plaintiff, and/or harass Plaintiff.

83.   As a direct, legal, and proximate cause of Plaintiff's aforementioned protected status, Defendant Carl's Jr. discriminated and harassed Plaintiff including, but not limited to, the following ways:  Defendant Carl's Jr. hired and/or assigned employees, who did not have Plaintiff's protected status, to assume the duties and responsibilities that Plaintiff had and/or

1 sought; the employees that Defendant Carl's Jr. hired and/or assigned to assume the duties and

2 responsibilities that Plaintiff had and/or sought were not as qualified as Plaintiff to assume those

3 duties and responsibilities;  Defendant Carl's Jr. made discriminatory statements based on

4 Plaintiff's aforementioned protected status, as described hereinabove; Defendant Carl's Jr. gave

5 no reason for the aforementioned adverse actions, described herein above, and/or gave a vague,

6 false, and/or illegal reason for the adverse actions, Defendant Carl's Jr. did not follow its own

7 internal rules and procedures in taking adverse action against the Plaintiff; Defendant Carl's Jr.

8 treated Plaintiff differently than employees not in the same protected status by giving those

9 employees lesser or no discipline for the same or more grievous offenses than Defendant Carl's

10 Jr. charged Plaintiff with; Defendant Carl's Jr. has a pattern and practice of discriminating

11 against employees in the aforementioned protected status of Plaintiff, described hereinabove;

12 and/or Defendant Carl's Jr. implemented policies and procedures that had an adverse impact on

13 Plaintiff and other employees with the same protected status as Plaintiff, as described

14 hereinabove.

15    84.    As a result of Defendant Carl's Jr.'s above referenced discrimination, harassment,

16 and retaliation, Plaintiff has suffered and continues to suffer (a) substantial humiliation, serious

17 mental anguish, and emotional and physical distress; and (b) loss of past and future earnings, and

18 employment benefits and opportunities, on account of which Plaintiff is entitled to compensatory

19 damages.  The exact amount and nature of such damages exceed the jurisdictional limits of this

20 court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint

21 upon ascertaining such information, or will prove the same at the time of trial.

22    85.    As more fully set forth above, Defendant Carl's Jr.'s above referenced

23 discrimination, harassment, and retaliation was committed intentionally, maliciously, wantonly,

24 oppressively, and fraudulently with a conscious disregard for Plaintiff's rights and with the intent

25 to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff. Such

26 acts amounted to oppression, fraud, and malice, as described in <u>California Civil Code</u> § 3294.

27 Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish

28 and make an example of Defendant Carl's Jr.

18

COMPLAINT

## NINTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### AGAINST THE DEFENDANT CARL'S JR.

86.　Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 85 of this Complaint.

87.　As a result of Defendant Carl Jr.'s unlawful harassment and discrimination of Plaintiff based upon his age and disability, Defendant wrongfully terminated Plaintiff's employment on March 30, 2011 in violation of the Fair Employment and Housing Act (FEHA), California Government Code § 12940 et seq. and related statutes.

88.　The aforementioned acts of Defendant Carl's Jr. constitute wrongful termination in violation of public policy.

89.　As a result of Defendant Carl's Jr.'s wrongful conduct, Plaintiff has suffered and continues to suffer substantial humiliation, serious mental anguish, and emotional and physical distress, on account of which Plaintiff is entitled to compensatory damages. The exact amount and nature of such damages exceeds the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same at the time of trial.

90.　As more fully set forth above, the acts of Defendant Carl's Jr. were intentional, malicious, wanton, oppressive, and fraudulent, with a conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff, within the meaning of California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example of Defendant.

### TENTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### AGAINST ALL DEFENDANTS

91.　Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 90 of this Complaint.

19

COMPLAINT

92.   Defendants engaged in age and disability discrimination and harassment and retaliation against Plaintiff and aided and abetted each other in engaging in illegal discrimination and harassment, thereby subjecting Plaintiff to the intentional infliction of emotional distress caused by such discrimination and harassment in violation of California Government Code § 12940.

93.   Defendant Carl's Jr. failed to take immediate and appropriate remedial action to respond to Plaintiff's complaints of discrimination and harassment.  Instead, Defendant Carl's Jr. ignored Plaintiff's requests that the behavior be stopped and allowed Plaintiff to be subjected to retaliatory action.

94.   The acts of Defendants as described herein were extreme and outrageous and an abuse of the authority and position of Defendants, and each of them.  Such conduct was intended to cause severe emotional distress, or was done with conscious disregard for the probability of causing such distress.  Such conduct exceeded the inherent risks of employment and was not the sort of conduct normally expected to occur in the workplace.  Defendant Carl's Jr., its employees and agents, and the above-named individual Defendants, abused their positions of authority toward Plaintiff, and engaged in conduct intended to humiliate Plaintiff and convey the message that he was powerless to defend his rights.

95.   As a proximate result of the aforementioned acts, Plaintiff has suffered embarrassment, anxiety, humiliation, serious mental anguish, and emotional and physical distress.  Plaintiff will continue to suffer damages in a sum that exceeds the jurisdictional limits of this court, but is yet to be ascertained.  Plaintiff will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same at the time of trial.

96.   As more fully set forth above, the acts of Defendants were intentional, malicious, wanton, oppressive, and fraudulent, with conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff, within the meaning of California Civil Code § 3294.  Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example of Defendants.

20<br>COMPLAINT

1

<u>**PRAYER FOR RELIEF**</u>

2       WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as

3   follows:

4       1.   For compensatory and actual damages in amounts to be proven at the time of trial;

5       2.   For costs of the suit incurred herein;

6       3.   For punitive and exemplary damages in amounts to be proven at the time of trial;

7       4.   For reasonable attorneys' fees under <u>California Government Code</u> § 12965(b), and all

8           related statutes;

9       5.   For pre- and post-judgment interest at the prevailing statutory rates; and

10      6.   For such other relief as the court may deem proper.

11

<u>**DEMAND FOR JURY TRIAL**</u>

12      Plaintiff hereby demands a jury trial for the causes of action set forth herein.

13

14   Dated: September _10_, 2012          MESRIANI LAW GROUP
                                          A PROFESSIONAL LAW CORPORATION
15

16

17                          By: _____

18                                  TRACY NEAL-LOPEZ, ESQ.,
                                    Attorney for Plaintiff ALI GHOREISHI
19

20

21

22

23

24

25

26

27

28

21

COMPLAINT

# Exhibit 1

# * * * EMPLOYMENT * * *

| COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT | DFEH # | E201112M6081-00 |
|---|---|---|
| | | DFEH USE ONLY |

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

| YOUR NAME (indicate Mr. or Ms.) | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| GHOREISHI, ALI | (310)826-6300 |

| ADDRESS |
|---|
| C/O 510 ARIZONA AVE. |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| SANTA MONICA, CA 90401 | LOS ANGELES | 037 |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| FRIENDLY FRANCHISEES CORPORATION | (714)736-8900 |

| ADDRESS | DFEH USE ONLY |
|---|---|
| 1 CENTERPOINTE DRIVE, SUITE 400 | |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| LA PALMA, CA 90623 | ORANGE | 059 |

| NO. OF EMPLOYEES/MEMBERS (if known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month/day, and year) | RESPONDENT CODE |
|---|---|---|
| 150+ | 03/28/2011 | 00 |

THE PARTICULARS ARE:

I allege that on about or before 03/28/2011, the following conduct occurred:

| | | |
|---|---|---|
| X termination | ___ denial of employment | ___ denial of family or medical leave |
| ___ laid off | ___ denial of promotion | ___ denial of pregnancy leave |
| ___ demotion | ___ denial of transfer | ___ denial of equal pay |
| X harassment | X denial of accommodation | ___ denial of right to wear pants |
| ___ genetic characteristics testing | ___ failure to prevent discrimination or retaliation | ___ denial of pregnancy accommodation |
| ___ constructive discharge (forced to quit) | X retaliation | |
| ___ impermissible non-job-related inquiry | X other (specify)  Violation of Labor Code §§ 132(a) and 2802 | |

by  **FRIENDLY FRANCHISEES CORPORATION**

because of :

| Name of Person | | Job Title (supervisor/manager/personnel director/etc.) | |
|---|---|---|---|
| ___ sex | ___ national origin/ancestry | X disability (physical or mental) | ___ retaliation for engaging in protected activity or requesting a protected leave or accommodation |
| X age | ___ marital status | ___ medical condition (cancer or genetic characteristic | |
| ___ religion | ___ sexual orientation | | |
| ___ race/color | ___ association | X other (specify)  VIOLATION OF FEHA | |

State of what you believe to be the reason(s) for discrimination

I WAS HARASSED AND DISCRIMINATED BASED ON MY AGE AND PHYSICAL DISABILITY. I WAS REFUSED WORKER'S COMPENSATION & WAS NOT PAID FOR HOURS WORKED. I COMPLAINED OF THE HARASSMENT AND DISCRIMINATION BUT NOTHING WAS DONE. I WAS ULTIMATELY WRONGFULLY TERMINATED.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint I am declaring under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated 03/02/2012

At  Santa Monica

DATE FILED:  03/02/2012

| DFEH-300-03c (02/08) DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING | STATE OF CALIFORNIA |
|---|---|



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                     EDMUND G. BROWN, JR., Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                     Phyllis W. Cheng, Director
1515 CLAY STREET, SUITE 701, OAKLAND, CA 94612
(510) 622-2941
www.dfeh.ca.gov

March 02, 2012

GHOREISHI, ALI
C/O 510 ARIZONA AVE.
SANTA MONICA, CA 90401

RE:   E201112M6081-00
      GHOREISHI/FRIENDLY FRANCHISEES CORPORATION

Dear GHOREISHI, ALI:

## NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective March 02, 2012 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

Exhibit A
Page 33

Notice of Case Closure
Page Two


DFEH does not retain case files beyond three years after a complaint is filed, unless the case
is still open at the end of the three-year period.

Sincerely,


Selena Wong
District Administrator


cc:   Case File


ALEXANDER KALINSKY
ATTORNEY AT LAW
FRIENDLY FRANCHISEES CORPORATION
1 CENTERPOINTE DRIVE, SUITE 400
LA PALMA, CA 90623

DFEH-200-43 (06/06)

Exhibit A
Page 34

# * * * EMPLOYMENT * * *

| COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT | DFEH # | E201112M6081-01 |
|---|---|---|
| | | DFEH USE ONLY |

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

| YOUR NAME (indicate Mr. or Ms.) | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| GHOREISHI, ALI | (310)826-6300 |

ADDRESS

C/O 510 ARIZONA AVE.

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| SANTA MONICA, CA, 90401 | LOS ANGELES | 037 |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| CADEO, NICK | (714)736-8900 |

| ADDRESS | DFEH USE ONLY |
|---|---|
| C/O FRIENDLY FRANCHISEES CORPORATION; 1 CENTERPOINTE DRIVE, SUITE 400 | |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| LA PALMA, CA 90623 | | |

| NO. OF EMPLOYEES/MEMBERS (if known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) | RESPONDENT CODE |
|---|---|---|
| 150+ | 03/28/2011 | 01 |

THE PARTICULARS ARE:

I allege that on about or before .03/28/2011 , the following conduct occurred:

| | | |
|---|---|---|
| X termination | ___ denial of employment | ___ denial of family or medical leave |
| ___ laid off | ___ denial of promotion | ___ denial of pregnancy leave |
| ___ demotion | ___ denial of transfer | ___ denial of equal pay |
| X harassment | X denial of accommodation | ___ denial of right to wear pants |
| ___ genetic characteristics testing | ___ failure to prevent discrimination or retaliation | ___ denial of pregnancy accommodation |
| ___ constructive discharge (forced to quit) | X retaliation | |
| ___ impermissible non-job-related inquiry | X other (specify) Violation of Labor Code §§ 132(a) and 2802 | |

by    CADEO, NICK                                    OPERATIONS DIRECTOR

Name of Person                                    Job Title (supervisor/manager/personnel director/etc.)

because of :

| | | |
|---|---|---|
| ___ sex | ___ national origin/ancestry | X disability (physical or mental) | ___ retaliation for engaging in protected activity or requesting a protected leave or accommodation |
| X age | ___ marital status | ___ medical condition (cancer or genetic characteristic) | |
| ___ religion | ___ sexual orientation | | |
| ___ race/color | ___ association | X other (specify) VIOLATION OF FEHA | |

State of what you believe to be the reason(s) for discrimination

I WAS HARASSED AND DISCRIMINATED BASED ON MY AGE AND PHYSICAL DISABILITY. I WAS REFUSED WORKER'S COMPENSATION & WAS NOT PAID FOR HOURS WORKED. I COMPLAINED OF THE HARASSMENT AND DISCRIMINATION BUT NOTHING WAS DONE. I WAS ULTIMATELY WRONGFULLY TERMINATED.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint I am declaring under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated 03/02/2012

At  Santa Monica

                                    DATE FILED:  03/02/2012

DFEH-300-03o (02/08)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING                                    STATE OF CALIFORNIA



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                    EDMUND G. BROWN, JR., Governor

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

1515 CLAY STREET, SUITE 701, OAKLAND, CA 94612
(510) 622-2941
www.dfeh.ca.gov

Phyllis W. Cheng, Director

March 02, 2012

GHOREISHI, ALI
C/O 510 ARIZONA AVE.
SANTA MONICA, CA, 90401

RE:   E201112M6081-01
      GHOREISHI/CADEO, NICK, AS AN INDIVIDUAL

Dear GHOREISHI, ALI:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective March 02, 2012 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two


DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Selena Wong
District Administrator


cc:   Case File


ALEXANDER KALINSKY
ATTORNEY AT LAW
FRIENDLY FRANCHISEES CORPORATION
1 CENTERPOINTE DRIVE, SUITE 400
LA PALMA, CA 90623

DFEH-200-43 (06/06)

# * * * EMPLOYMENT * * *

| COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT | DFEH # | E201112M6081-02 |
|---|---|---|
| | | DFEH USE ONLY |

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

| YOUR NAME (indicate Mr. or Ms.) | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| GHOREISHI, ALI | (310)826-6300 |

| ADDRESS |
|---|
| C/O 510 ARIZONA AVE. |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| SANTA MONICA,CA,90401 | LOS ANGELES | 037 |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| ELLIST, JAMES | (714)736-8900 |

| ADDRESS | DFEH USE ONLY |
|---|---|
| C/O FRIENDLY FRANCHISEES CORPORATION; 1 CENTERPOINTE DRIVE, SUITE 400 | |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| LA PALMA, CA 90623 | | |

| NO. OF EMPLOYEES/MEMBERS (if known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) | RESPONDENT CODE |
|---|---|---|
| 150+ | 03/28/2011 | 02 |

THE PARTICULARS ARE:

I allege that on about or before 03/28/2011 , the following conduct occurred:

| | |
|---|---|
| X termination | ___ denial of employment |
| ___ laid off | ___ denial of promotion |
| ___ demotion | ___ denial of transfer |
| X harassment | X denial of accommodation |
| ___ genetic characteristics testing | ___ failure to prevent discrimination or retaliation |
| ___ constructive discharge (forced to quit) | X retaliation |
| ___ impermissible non-job-related inquiry | X other (specify)   Violation of Labor Code §§ 132(a) and 2807 |

| | |
|---|---|
| ___ denial of family or medical leave |
| ___ denial of pregnancy leave |
| ___ denial of equal pay |
| ___ denial of right to wear pants |
| ___ denial of pregnancy accommodation |

by   ELLIST, JAMES   **DISTRICT MANAGER**

Name of Person     Job Title (supervisor/manager/personnel director/etc.)

because of :

| | |
|---|---|
| ___ sex | ___ national origin/ancestry |
| X age | ___ marital status |
| ___ religion | ___ sexual orientation |
| ___ race/color | ___ association |

| | |
|---|---|
| X disability (physical or mental) | ___ retaliation for engaging in protected activity or requesting a protected leave or accommodation |
| ___ medical condition (cancer or genetic chracteristic | |
| X other (specify)  VIOLATION OF FEHA | |

State of what you believe to be the reason(s) for discrimination

I WAS HARASSED AND DISCRIMINATED BASED ON MY AGE AND PHYSICAL DISABILITY. I WAS REFUSED WORKER'S COMPENSATION & WAS NOT PAID FOR HOURS WORKED. I COMPLAINED OF THE HARASSMENT AND DISCRIMINATION BUT NOTHING WAS DONE. I WAS ULTIMATELY WRONGFULLY TERMINATED.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure", or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint I am declaring under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  03/02/2012

At  Santa Monica

DATE FILED:  03/02/2012

DFEH-300-03o (02/08)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA

Exhibit A
Page 38



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                        EDMUND G. BROWN, JR., Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    Phyllis W. Cheng, Director

1515 CLAY STREET, SUITE 701, OAKLAND, CA 94612
(510) 622-2941
www.dfeh.ca.gov

March 02, 2012

GHOREISHI, ALI
C/O 510 ARIZONA AVE.
SANTA MONICA,CA,90401

RE: E201112M6081-02
GHOREISHI/ELLIST, JAMES, AS AN INDIVIDUAL

Dear GHOREISHI, ALI:

## NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective March 02, 2012 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

Exhibit A
Page 39

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Selena Wong
District Administrator

cc:   Case File

ALEXANDER KALINSKY
ATTORNEY AT LAW
FRIENDLY FRANCHISEES CORPORATION
1 CENTERPOINTE DRIVE, SUITE 400
LA PALMA, CA 90623

DFEH-200-43 (06/06)

Exhibit A
Page 40

# Exhibit 2



STATE OF CALIFORNIA | State and Consumer Services Agency

GOVERNOR EDMUND G. BROWN JR.

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

DIRECTOR PHYLLIS W. CHENG

(800) 884-1684 | Videophone for the DEAF (916) 226-5285
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

August 3, 2012

Claire Gutiérrez
Mesriani Law Group
clair@mesriani.com

RE:   GHOREISHI/FRIENDLY FRANCHISEES CORPORATION
      E201112M6081-00, 01 & 02

Dear Ms. Gutierrez:

### NOTICE OF FILING OF AMENDED CLOSED DISCRIMINATION COMPLAINT

Enclosed is a copy of your client's amended closed complaint that has been filed with the Department of Fair Employment and Housing in accordance with California Government Code sections 12960 and/or 12980.  Also enclosed is a copy of your client's Notice of Case Closure, which constitutes your client's right-to-sue notice.

Please note that under Government Code section 12962, you are responsible for **service of the amended complaint** on respondent(s).  You should also enclose a copy of the Notice of Case Closure along with the amended complaint.  These documents must be served within **60 days** of the filing date of the amended complaint. Government Code section 12962, subdivision (b), further provides that complaints must be served either personally or by certified mail with return receipt requested.

For additional information, please read the enclosed Notice of Case Closure that explains the conditions for filing a private lawsuit in the State of California.

Sincerely,

*Geraldine Reyes*

Geraldine Reyes
Consultant
Telephone Number: (559) 244-4760

Enclosures

| HEADQUARTERS | BAKERSFIELD | FRESNO | LOS ANGELES | OAKLAND | SAN JOSE |
|---|---|---|---|---|---|
| 2218 Kausen Drive | 4800 Stockdale Highway | 1277 E. Alluvial Avenue | 1055 West 7th Street | 1515 Clay Street | 2570 N. First Street |
| Suite 100 | Suite 215 | Suite 101 | Suite 1400 | Suite 701 | Suite 480 |
| Elk Grove, CA 95758 | Bakersfield, CA 93309 | Fresno, CA 93720 | Los Angeles, CA 90017 | Oakland, CA 94612 | San Jose, CA 95131 |
| (916) 478-7251 | (661) 395-2729 | (559) 244-4760 | (213) 439-6799 | (510) 622-2941 | (408) 325-0344 |

Exhibit A
Page 42

# * * * EMPLOYMENT * * *

**AMENDED**

COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT

DFEH #  E201112M6081-00

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

| YOUR NAME (Indicate Mr. or Ms.) | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| GHOREISHI, ALI | (310)826-6300 |

ADDRESS
C/O 510 ARIZONA AVE.

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| SANTA MONICA, CA 90401 | LOS ANGELES | 037 |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| FRIENDLY FRANCHISEES CORPORATION | (714)736-8900 |

ADDRESS
1 CENTERPOINTE DRIVE, SUITE 400

DFEH USE ONLY

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| LA PALMA, CA 90623 | ORANGE | 059 |

| NO. OF EMPLOYEES/MEMBERS (if known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) | RESPONDENT CODE |
|---|---|---|
| 150+ | 03/28/2011 | 00 |

THE PARTICULARS ARE:

I allege that on about or before 03/28/2011, the following conduct occurred:

by FRIENDLY FRANCHISEES CORPORATION

Name of Person

because of:
X age

State of what you believe to be the reason(s) for discrimination

I WAS HARASSED AND DISCRIMINATED BASED ON MY AGE AND PHYSICAL DISABILITY. I WAS REFUSED WORKERS COMPENSATION & WAS NOT PAID FOR HOURS WORKED. I COMPLAINED OF THE HARASSMENT AND DISCRIMINATION BUT NOTHING WAS DONE. I WAS ULTIMATELY WRONGFULLY TERMINATED.

Dated 03/02/2012

Al   Santa Monica

DATE FILED: 03/02/2012

DFEH-300-03c (02/06)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA

DATE AMENDED:   JUL 20 2012



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                                    EDMUND G. BROWN, JR., Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                     Phyllis W. Cheng, Director
1515 CLAY STREET, SUITE 701, OAKLAND, CA 94612
(510) 622-2941
www.dfeh.ca.gov

March 02, 2012

GHOREISHI, ALI
C/O 510 ARIZONA AVE.
SANTA MONICA, CA 90401

RE:   E201112M6081-00
      GHOREISHI/FRIENDLY FRANCHISEES CORPORATION

Dear GHOREISHI, ALI:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective March 02, 2012 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

Exhibit A
Page 44

Notice of Case Closure
Page Two


DFEH does not retain case files beyond three years after a complaint is filed, unless the case
is still open at the end of the three-year period.

Sincerely,

Selena Wong
District Administrator


cc:   Case File


ALEXANDER KALINSKY
ATTORNEY AT LAW
FRIENDLY FRANCHISEES CORPORATION
1 CENTERPOINTE DRIVE, SUITE 400
LA PALMA, CA 90623

DFEH-200-43 (06/06)

# * * * EMPLOYMENT * * *

**AMENDED**

COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT

DFEH #  E201112M6081-01

DFEH USE ONLY

CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

| YOUR NAME (Indicate Mr. or Ms.) | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| GHOREISHI, ALI | (310)826-6300 |

ADDRESS

C/O 510 ARIZONA AVE.

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| SANTA MONICA, CA, 90401 | LOS ANGELES | 037 |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| CADEO, NICK | (714)736-8900 |

ADDRESS

C/O FRIENDLY FRANCHISEES CORPORATION; 1
CENTERPOINTE DRIVE, SUITE 400

DFEH USE ONLY

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| LA PALMA, CA 90623 | | |

| NO. OF EMPLOYEES/MEMBERS (if known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, year) | RESPONDENT CODE |
|---|---|---|
| 150+ | 03/28/2011 | 01 |

THE PARTICULARS ARE:

I allege that on about or before
__03/28/2011__ , the following
conduct occurred:

| | | |
|---|---|---|
| X termination | ___ denial of employment | ___ denial of family or medical leave |
| ___ laid off | ___ denial of promotion | ___ denial of pregnancy leave |
| ___ demotion | ___ denial of transfer | ___ denial of equal pay |
| ___ genetic characteristics testing | X denial of accommodation | ___ denial of right to wear pants |
| ___ constructive discharge (forced to quit) | ___ failure to prevent discrimination or retaliation | ___ denial of pregnancy accommodation |
| ___ impermissible non-job-related inquiry | X retaliation | |
| | X other (specify) _Violation of Labor Code §§ 132(a) and 2857_ | ;Violation of FMLA & CFRA |

by   CADEO, NICK

Name of Person

OPERATIONS DIRECTOR

Job Title (supervisor/manager/personnel director/etc.)

because of :

| | | |
|---|---|---|
| ___ sex | ___ national origin/ancestry | ___ retaliation for engaging in protected |
| X age | ___ marital status | activity or requesting a protected |
| ___ religion | ___ sexual orientation | leave or accommodation |
| ___ race/color | ___ association | |
| | X disability (physical or mental) | |
| | ___ medical condition (cancer or | |
| | genetic characteristic | |
| | X other (specify) _VIOLATION OF FMLA & CFRA_ | |

State of what you
believe to be the
reason(s) for
discrimination

I WAS HARASSED AND DISCRIMINATED BASED ON MY AGE AND PHYSICAL DISABILITY. I WAS REFUSED WORKER'S COMPENSATION & WAS NOT PAID FOR
HOURS WORKED. I COMPLAINED OF THE HARASSMENT AND DISCRIMINATION BUT NOTHING WAS DONE. I WAS ULTIMATELY WRONGFULLY TERMINATED

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue. I understand that if I want a federal notice of right-to-sue, I must visit
the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act,
whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy not to process
or reopen a complaint once the complaint has been closed on the basis of "Complaint Elected Court Action."

By submitting this complaint I am declaring under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to
matters stated on my information and belief, and as to those matters I believe it to be true.

Dated 03/02/2012

At  Santa Monica

X _[signature]_       6/1/12

DATE FILED:  03/02/2012

DFEH-300-03c (02/09)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA

DATE AMENDED:       JUL 20 2012

Exhibit A
Page 46



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                EDMUND G. BROWN, JR., Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                                        Phyllis W. Cheng, Director
1515 CLAY STREET, SUITE 701, OAKLAND, CA 94612
(510) 622-2941
www.dfeh.ca.gov

March 02, 2012

GHOREISHI, ALI
C/O 510 ARIZONA AVE.
SANTA MONICA,CA,90401

RE:  E201112M6081-01
     GHOREISHI/CADEO, NICK, AS AN INDIVIDUAL

Dear  GHOREISHI, ALI:

## NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department
of Fair Employment and Housing (DFEH) has been closed effective March 02, 2012
because an immediate right-to-sue notice was requested. DFEH will take no further action
on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965,
subdivision (b), a civil action may be brought under the provisions of the Fair Employment
and Housing Act against the person, employer, labor organization or employment agency
named in the above-referenced complaint. The civil action must be filed within one year
from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity
Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this
DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act,
whichever is earlier.

Exhibit A
Page 47

Notice of Case Closure
Page Two


DFEH does not retain case files beyond three years after a complaint is filed, unless the case
is still open at the end of the three-year period.

Sincerely,

Selena Wong
District Administrator

cc:   Case File


ALEXANDER KALINSKY
ATTORNEY AT LAW
FRIENDLY FRANCHISEES CORPORATION
1 CENTERPOINTE DRIVE, SUITE 400
LA PALMA, CA 90623

DFEH-200-43 (08/06)

Exhibit A
Page 48

# * * * EMPLOYMENT * * *

**AMENDED**

COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT

DFEH #   E201112M6081-02

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

| YOUR NAME (Indicate Mr. or Ms.) | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| GHOREISHI, ALI | (310)826-8300 |

| ADDRESS |
|---|
| C/O 510 ARIZONA AVE. |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| SANTA MONICA,CA,90401 | LOS ANGELES | 037 |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| ELLIST, JAMES | (714)736-8900 |

| ADDRESS | DFEH USE ONLY |
|---|---|
| C/O FRIENDLY FRANCHISEES CORPORATION; 1 CENTERPOINTE DRIVE, SUITE 400 | |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| LA PALMA, CA 90623 | | |

| NO. OF EMPLOYEES/MEMBERS (if known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month,day, and year) | RESPONDENT CODE |
|---|---|---|
| 150+ | 03/28/2011 | 02 |

THE PARTICULARS ARE:

I allege that on about or before 03/28/2011 , the following conduct occurred:

X  termination
___ demotion
X  harassment
___ genetic characteristics testing
___ constructive discharge (forced to quit)
___ impermissible non-job-related inquiry

___ denial of employment
___ denial of promotion
___ denial of transfer
X  denial of accommodation
___ failure to prevent discrimination or retaliation
X  retaliation
X  other (specify) Violation of Labor Code §§ 132(a) and 2802

___ denial of family or medical leave
___ denial of pregnancy leave
___ denial of equal pay
___ denial of right to wear pants
___ denial of pregnancy accommodation

violation of FMLA & CFRA

NAMED

by ELLIST, JAMES

Name of Person

DISTRICT MANAGER

Job Title (supervisor/manager/personnel director/etc.)

because of :

___ sex
X  age
___ religion
___ race/color

___ national origin/ancestry
___ marital status
___ sexual orientation
___ association

X  disability (physical or mental)
___ medical condition (cancer or genetic characteristic
X  other (specify) VIOLATION of FMLA & cfra

___ retaliation for engaging in protected activity or requesting a protected leave or accommodation

State of what you believe to be the reason(s) for discrimination

I WAS HARASSED AND DISCRIMINATED BASED ON MY AGE AND PHYSICAL DISABILITY. I WAS REFUSED WORKER'S COMPENSATION & WAS NOT PAID FOR HOURS WORKED. I COMPLAINED OF THE HARASSMENT AND DISCRIMINATION BUT NOTHING WAS DONE. I WAS ULTIMATELY WRONGFULLY TERMINATED.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complaint Elected Court Action."

By submitting this complaint I am declaring under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated 03/02/2012

At  Santa Monica

X _____

4/1/12

DATE FILED:  03/02/2012

DFEH-300-03e (02/06)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE AMENDED:   JUL 20 2012

STATE OF CALIFORNIA

Exhibit A
Page 49



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                    EDMUND G BROWN, JR., Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                Phylis W. Cheng, Director
1515 CLAY STREET, SUITE 701, OAKLAND, CA 94612
(510) 622-2941
www.dfeh.ca.gov

March 02, 2012

GHOREISHI, ALI
C/O 510 ARIZONA AVE.
SANTA MONICA,CA,90401

RE:   E201112M6081-02
      GHOREISHI/ELLIST, JAMES, AS AN INDIVIDUAL

Dear GHOREISHI, ALI:

## NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective March 02, 2012 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two


DFEH does not retain case files beyond three years after a complaint is filed, unless the case
is still open at the end of the three-year period.

Sincerely,

Selena Wong
District Administrator

cc:    Case File


ALEXANDER KALINSKY
ATTORNEY AT LAW
FRIENDLY FRANCHISEES CORPORATION
1 CENTERPOINTE DRIVE, SUITE 400
LA PALMA, CA 90623

DFEH-200-43 (06/06)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)
Case Number _____

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

BC 492128

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).  There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | Hon. Debre Katz Weintraub | 47 | 507 |
| Hon. Michael P. Linfield | 10 | 631 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Deirdre Hill | 49 | 509 |
| Hon. Terry A. Green | 14 | 300 | Hon. John L. Segal | 50 | 508 |
| Hon. Richard Fruin | 15 | 307 | Hon. Abraham Khan | 51 | 511 |
| Hon. Rita Miller | 16 | 306 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Steven J. Kleifield | 53 | 513 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Barbara Scheper | 30 | 400 | Hon. David L. Minning | 61 | 632 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Mark Mooney | 68 | 617 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Ramona See | 69 | 621 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Daniel Buckley | 35 | 411 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. William F. Fahey | 78 | 730 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | **Hon. Emilie H. Elias** | **324** | **CCW** |
| Hon. Michelle R. Rosenblatt | 40 | 414 | **Hon. Elihu M. Berle** | **323** | **CCW** |
| Hon. Ronald M. Sohigian | 41 | 417 | other | | |
| Hon. Holly E. Kendig | 42 | 416 | | | |
| Hon. Mel Red Recana | 45 | 529 | | | |
| Hon. Fredrick C. Shaller | 46 | 601 | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____     JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT –**

**UNLIMITED CIVIL CASE**

Exhibit A
Page 52

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff/petitioner shall serve a copy of this form on each defendant/respondent along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation, and settlement conference are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate**
> Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May Not Be Appropriate**
> If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate**
> Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May Not Be Appropriate**
> Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

> **Cases for Which Neutral Evaluation May Be Appropriate**
> Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

> **Cases for Which Neutral Evaluation May Not Be Appropriate**
> Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conference:**
A settlement conference may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev. 01-12)
LASC Adopted 10-03
For Mandatory Use

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

Cal. Rules of Court, rule 3.221
Page 1 of 2

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## DISPUTE RESOLUTION PROGRAM ACT (DRPA) PROVIDERS

JOHN A. CLARKE, EXECUTIVE OFFICER/CLERK                                       ALTERNATIVE DISPUTE RESOLUTION (ADR) DEPARTMENT

California Rules of Court, rule 3.221, requires counties participating in the Dispute Resolution Programs Act (DRPA) to provide information about the availability of local dispute resolution programs funded under DRPA.  For more information regarding these programs, contact the Los Angeles County Department of Community and Senior Services Contracts Administration Office at 213-738-2621.  The following is a list of the local dispute resolution programs funded in Los Angeles County.

Superior Court of California, County of Los Angeles, ADR Office 213-974-5425
www.lasuperiorcourt.org/ADR

---

**STAFF AND VOLUNTEERS OF THE FOLLOWING AGENCIES ARE NOT EMPLOYEES OF THE SUPERIOR COURT:**

Asian-Pacific American Dispute Resolution Center 213-250-8190 www.apadrc.org

California Academy of Mediation Professionals 818-377-7250 www.campmediation.org

California Lawyers for the Arts, Arbitration, and Mediation Service 310-998-5590
www.calawyersforthearts.org

Center for Civic Mediation 877-473-7658 213-896-6533 www.centerforcivicmediation.org

Center for Conflict Resolution 818-705-1090 www.ccr4peace.org

Centinela Youth Services, City of Hawthorne 310-970-7702 www.cys.la.org

Inland Valleys Justice Center 877-832-9325 www.ivjc.org

Korean American Coalition 4.29 Dispute Resolution Center 213-365-5999 www.kacla.org

Los Angeles County Department of Consumer Affairs, Dispute Settlement Services 213-974-0825
www.dca.lacounty.gov

Loyola Law School, The Center for Conflict Resolution 213-736-1145 www.lls.edu/ccr

Norwalk Dispute Resolution Program 562-929-5603 www.ci.norwalk.ca.us/socialservices2.asp

Office of the Los Angeles City Attorney, Dispute Resolution Program 213-485-8324
www.atty.lacity.org/mediate

---

**THE PROGRAMS LISTED ABOVE DO NOT OFFER LEGAL ADVICE OR HELP YOU RESPOND TO A SUMMONS; HOWEVER, THEY MAY ASSIST IN RESOLVING YOUR PROBLEM THROUGH MEDIATION.**

---

LAADR 007 (Rev. 01-12)           **DISPUTE RESOLUTION PROGRAM ACT (DRPA) PROVIDERS**           Cal. Rules of Court, rule 3.221
LASC Adopted 07-04                                                                                                Page 1 of 1

Exhibit A
Page 54

| NAME, ADDRESS, TELEPHONE, FAX, and E-MAIL: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Click on the button to select the appropriate court address.

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties in the above-titled action stipulate to participate in the Alternative Dispute Resolution (ADR) process checked below:

☐ Mediation                    ☐ Neutral Evaluation

☐ Arbitration (non-binding)    ☐ Settlement Conference

☐ Arbitration (binding)        ☐ Other ADR Process (describe): _____

| Dated | Name of Stipulating Party  ☐ Plaintiff ☐ Cross-complainant  ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|---|
| Dated | Name of Stipulating Party  ☐ Plaintiff ☐ Cross-complainant  ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party  ☐ Plaintiff ☐ Cross-complainant  ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party  ☐ Plaintiff ☐ Cross-complainant  ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party  ☐ Plaintiff ☐ Cross-complainant  ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party  ☐ Plaintiff ☐ Cross-complainant  ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party  ☐ Plaintiff ☐ Cross-complainant  ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party  ☐ Plaintiff ☐ Cross-complainant  ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Number of additional pages attached to this document: _____.

LAADR 001 (Rev. 04-12)
LASC Approved 10-04
For Optional Use

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 1 of 1

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆Los Angeles County Bar Association Litigation Section◆

◆ Los Angeles County Bar Association
Labor and Employment Law Section◆

◆Consumer Attorneys Association of Los Angeles◆

◆Southern California Defense Counsel◆

◆Association of Business Trial Lawyers◆

◆California Employment Lawyers Association◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: (Optional)<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

Exhibit A
Page 57

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

         discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

   h.   Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

   i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
               (INSERT DATE)                  (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____   ➤  _____
       (TYPE OR PRINT NAME)                  (ATTORNEY FOR PLAINTIFF)
Date:

_____   ➤  _____
       (TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)
Date:

_____   ➤  _____
       (TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)
Date:

_____   ➤  _____
       (TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)
Date:

_____   ➤  _____
       (TYPE OR PRINT NAME)            (ATTORNEY FOR _____)
Date:

_____   ➤  _____
       (TYPE OR PRINT NAME)            (ATTORNEY FOR _____)
Date:

_____   ➤  _____
       (TYPE OR PRINT NAME)            (ATTORNEY FOR _____)

LACIV 229 (new)
LASC Approved 04/11     **STIPULATION – EARLY ORGANIZATIONAL MEETING**     Page 2 of 2

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:           FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| LACIV 035 (new) <br> LASC Approved 04/11 | **STIPULATION – DISCOVERY RESOLUTION** | Page 1 of 3 |
|---|---|---|

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.  Be filed within two (2) court days of receipt of the Request; and

    iv.  Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

_____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

LACIV 036 (new)
LASC Approved 04/11

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

Exhibit A
Page 61

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐  Request for Informal Discovery Conference
   - ☐  Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: | FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

LACIV 075 (new)
LASC Approved 04/11

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

Page 1 of 2

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤  _____
(ATTORNEY FOR PLAINTIFF)

➤  _____
(ATTORNEY FOR DEFENDANT)

➤  _____
(ATTORNEY FOR DEFENDANT)

➤  _____
(ATTORNEY FOR DEFENDANT)

➤  _____
(ATTORNEY FOR _____ )

➤  _____
(ATTORNEY FOR _____ )

➤  _____
(ATTORNEY FOR _____ )

**THE COURT SO ORDERS.**

Date:  _____

_____
JUDICIAL OFFICER

Exhibit A
Page 64

# EXHIBIT B

# EXHIBIT B



1   MITCHELL SILBERBERG & KNUPP LLP
    ADAM LEVIN (SBN 156773), axl@msk.com
2   JOLENE KONNERSMAN (217574), jrk@msk.com
    11377 West Olympic Boulevard
3   Los Angeles, CA 90064-1683
    Telephone: (310) 312-2000
4   Facsimile: (310) 312-3100

5   Attorneys for Defendants
    FRIENDLY FRANCHISEES CORPORATION and
6   JAMES ELLIS, erroneously sued as FRIENDLY
    FRANCHISEES CORPORATION dba CARL'S JR.
7   and JAMES ELLIST

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

OCT 25 2012

John A. Clarke, Executive Officer/Clerk
By_____, Deputy

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF LOS ANGELES

10                         CENTRAL DISTRICT

11  ALI GHOREISHI, an individual,            CASE NO. BC 492128

12                Plaintiff,                 Assigned for all purposes to:
                                             Honorable Yvette M. Palazuelos, Dept. 28
13          v.

14  FRIENDLY FRANCHISEES                     ANSWER OF DEFENDANTS FRIENDLY
    CORPORATION dba CARL'S JR., a            FRANCHISEES CORPORATION AND
15  California Corporation; JAMES ELLIST, an JAMES ELLIS
    individual; and DOES 1 through 25, Inclusive,
16                                           File Date:   September 13, 2012
                  Defendants.                Trial Date:  Not yet set
17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

4929580.4

ANSWER OF DEFENDANTS FRIENDLY FRANCHISEES CORPORATION AND JAMES ELLIS

Exhibit B
Page 65

1    Defendants Friendly Franchisees Corporation and James Ellis (collectively, "Defendants"),

2    for themselves and for no other person or entity, submit this Answer to the allegations contained in

3    the Complaint of Plaintiff Ali Ghoreishi ("Plaintiff") as follows:

4

5                                    **GENERAL DENIAL**

6        Pursuant to the provisions of *California Code of Civil Procedure* Section 431.30(d),

7    Defendants deny, both generally and specifically, each and every allegation in the Complaint, and

8    specifically deny that Plaintiff has been, is, or will be damaged in the amount alleged, or in any

9    manner or sum whatsoever, or entitled to any recovery or remedy of any type whatsoever, by

10   reason of any of Defendants' acts, conduct, or omissions.

11

12                             **SEPARATE AFFIRMATIVE DEFENSES**

13       Without waiving or excusing Plaintiff's burden of proof or admitting that any of the

14   following are in fact defenses upon which Defendants has any burden of proof as opposed to

15   denials of matters as to which Plaintiff has the burden of proof, or that Defendants have any

16   burden of proof at all, Defendants hereby assert the following affirmative defenses.

17

18                               **FIRST AFFIRMATIVE DEFENSE**

19                              **(Failure to State a Cause of Action)**

20       1.      Each purported cause of action in the Complaint fails to state facts sufficient to

21   constitute a cause of action.

22

23                              **SECOND AFFIRMATIVE DEFENSE**

24                                    **(Frivolous Action)**

25       2.      Plaintiff's claims are frivolous and known by Plaintiff to be frivolous and without

26   foundation in fact or law.  Furthermore, this suit is being pursued in bad faith for vexatious

27   reasons for the purpose of harassing Defendants.  Accordingly, Defendants are entitled to recover

28   their attorney's fees and other appropriate costs and expenses.

Mitchell
Silberberg &
Knupp LLP

4929580.4

1

**ANSWER OF DEFENDANTS FRIENDLY FRANCHISEES CORPORATION AND JAMES ELLIS**

**THIRD AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

3.     To the extent any of the conduct alleged in the Complaint occurred prior to the limitations period, the Complaint, and each cause of action contained therein, is barred, in whole or in part, by the applicable statutes of limitations, including but not limited to, the one-year statute of limitations under *California Government Code* Sections 12960(d) and 12965(b); the two-year statute of limitations applicable to claims for intentional torts contained in *California Code of Civil Procedure* ("CCP") Section 335.1; the four-year statute of limitations contained in CCP Section 337(1); the three-year statute of limitations contained in CCP Section 338(a); the two-year statute of limitations contained in CCP Section 339(1); the one-year statute of limitations contained in CCP Section 340(a); the four-year "catch all" statute of limitations contained in CCP Section 343; and/or the statute of limitations contained in the Family and Medical Leave Act under 29 U.S.C. Section 2617(c)(1) and (2).

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

4.     The Complaint, and each alleged cause of action contained therein, is barred because Plaintiff has failed to exhaust his administrative remedies or to comply with the statutory prerequisites to bringing suit contained in the California Fair Employment and Housing Act, *California Government Code* Sections 12960 and 12965(b).

**FIFTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

5.     Plaintiff's claims and damages are barred, in whole or in part, by the doctrine of avoidable consequences because Plaintiff never complained to Defendants or anyone else regarding the alleged misconduct, failed to pursue available remedies and/or bring issues or concerns to Defendants' attention in a timely manner pursuant to Defendants' complaint process, and otherwise failed to exhaust or pursue available preventive or corrective internal company

Mitchell
Silberberg &
Knupp LLP

4929580.4

2

ANSWER OF DEFENDANTS FRIENDLY FRANCHISEES CORPORATION AND JAMES ELLIS

1   opportunities or remedies to avoid the damages about which he complains, prior to initiating this

2   action.

3

4   ### SIXTH AFFIRMATIVE DEFENSE

5   #### (Laches)

6        6.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches

7   to the extent Plaintiff has delayed inexcusably and unreasonably in the filing and prosecution of

8   this action causing substantial prejudice to Defendants.

9

10   ### SEVENTH AFFIRMATIVE DEFENSE

11   #### (Release)

12       7.     Plaintiff's claims are barred, in whole or in part, because they have been released.

13

14   ### EIGHTH AFFIRMATIVE DEFENSE

15   #### (Waiver)

16       8.     Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

17

18   ### NINTH AFFIRMATIVE DEFENSE

19   #### (Excuse)

20       9.     Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

21

22   ### TENTH AFFIRMATIVE DEFENSE

23   #### (Estoppel)

24       10.    Plaintiff is estopped from recovering for any damages, injuries, and/or losses from

25   Defendants as a result of Plaintiff's own acts, conduct, or omissions.

26

27

28

Mitchell
Silberberg &
Knupp LLP

4929580.4

3

**ANSWER OF DEFENDANTS FRIENDLY FRANCHISEES CORPORATION AND JAMES ELLIS**

1  **ELEVENTH AFFIRMATIVE DEFENSE**

2  **(Unclean Hands)**

3      11.    Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

4

5  **TWELFTH AFFIRMATIVE DEFENSE**

6  **(Same Decision)**

7      12.    Even if the alleged protected conduct or status of Plaintiff had played a motivating

8  part in any decision by Defendants regarding Plaintiff and/or his employment, which Defendants

9  deny, Plaintiff is not entitled to any damages because Defendants would have made the same

10  decisions even if Plaintiff's alleged protected conduct or status had not played a role in the

11  decision.

12

13  **THIRTEENTH AFFIRMATIVE DEFENSE**

14  **(Outside Course and Scope of Employment)**

15      13.    To the extent any alleged unlawful conduct occurred, which Defendants deny, any

16  alleged unlawful conduct committed by any employees or agents of Defendants was outside the

17  scope of their respective employment.

18

19  **FOURTEENTH AFFIRMATIVE DEFENSE**

20  **(Consent/Ratification)**

21      14.    By virtue of Plaintiff's conduct and actions, Plaintiff's claims are barred, in whole

22  or in part, by the doctrine of express consent, implied consent, and/or ratification.

23

24  **FIFTEENTH AFFIRMATIVE DEFENSE**

25  **(Legitimate, Non-Discriminatory and Non-Retaliatory Reasons)**

26      15.    At all times material herein, there were legitimate, non-discriminatory and

27  non-retaliatory business reasons for any actions taken by Defendants with respect to Plaintiff

28  and/or his employment.

Mitchell
Silberberg &
Knupp LLP

4929580.4

4

**ANSWER OF DEFENDANTS FRIENDLY FRANCHISEES CORPORATION AND JAMES ELLIS**

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence)**

16.     Plaintiff's claims are barred and/or the alleged damages must be reduced, in whole or in part, by the after-acquired evidence of Plaintiff's misconduct that has been, or may be, discovered.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

17.     Plaintiff's alleged damages, injuries, and/or losses, if any, were proximately caused and contributed to by Plaintiff's negligence or the negligence of Plaintiff's agents, and, by reason thereof, any recovery by Plaintiff against Defendants must be reduced by an amount equal to the proportionate fault of Plaintiff or Plaintiff's agents pursuant to applicable law.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Apportionment of Responsibility)**

18.     The alleged damages, injuries, and/or losses suffered by Plaintiff, if any, proximately resulted from the negligence or conduct of parties, persons, and/or entities other than Defendants, and the liability of Defendants, if any, is as a result altogether barred or limited in direct proportion to the percentage of fault or responsibility actually attributable to Defendants.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Offset/Setoff)**

19.     If Plaintiff sustained any damage as a result of the conduct alleged in the Complaint, which Defendants deny, then Defendants are entitled to offset or setoff against any such recovery any and all amounts owed to Defendants by Plaintiff, any overpayments to Plaintiff, any damages or harm caused to Defendants by Plaintiff's actions or inaction, and any amounts received by Plaintiff as income or payments from other sources, including but not limited to any

Mitchell
Silberberg &
Knupp LLP

4929580.4

5

ANSWER OF DEFENDANTS FRIENDLY FRANCHISEES CORPORATION AND JAMES ELLIS

1  amounts received by Plaintiff that belong to Defendants or that Plaintiff received under federal or

2  state disability benefits laws, or any other benefits received by Plaintiff.

3

4  **TWENTIETH AFFIRMATIVE DEFENSE**

5  **(Workers' Compensation Exclusive Remedy)**

6      20.    Plaintiff's claims are preempted and barred, in whole or in part, by *California*

7  *Labor Code* Section 3600, *et seq.*

8

9  **TWENTY-FIRST AFFIRMATIVE DEFENSE**

10  **(Workers' Compensation Setoff)**

11      21.    Even if the California Workers' Compensation laws do not provide the exclusive

12  remedy for damages, to the extent that Plaintiff alleges he sustained injuries as the result of his

13  employment relationship with Defendants, any such civil damages must be offset by any award or

14  settlement received under the Workers' Compensation laws.

15

16  **TWENTY-SECOND AFFIRMATIVE DEFENSE**

17  **(Failure to Mitigate Economic Damages)**

18      22.    Defendants are informed and believe and on that basis allege that Plaintiff has

19  failed to make reasonable efforts to mitigate the alleged damages Plaintiff claims to have suffered.

20  Accordingly, the relief, if any, to which Plaintiff is entitled must be diminished, in whole or in

21  part, by the extent of (a) the actual mitigation of Plaintiff's economic damages, and (b) any

22  additional mitigation of Plaintiff's economic damages which with reasonable diligence Plaintiff

23  could have accomplished.

24

25  **TWENTY-THIRD AFFIRMATIVE DEFENSE**

26  **(Failure to Mitigate Non-Economic Damages)**

27      23.    Defendants are informed and believe and on that basis allege that Plaintiff has

28  failed to make reasonable efforts to mitigate the alleged non-economic damages Plaintiff claims to

Mitchell
Silberberg &
Knupp LLP

4929580.4

6

**ANSWER OF DEFENDANTS FRIENDLY FRANCHISEES CORPORATION AND JAMES ELLIS**

1    have suffered.  Accordingly, the relief, if any, to which Plaintiff is entitled must be diminished, in

2    whole or in part, by the extent of (a) the actual mitigation of Plaintiff's non-economic damages,

3    and (b) any additional mitigation of Plaintiff's non-economic damages which with reasonable

4    diligence Plaintiff could have accomplished.

5

6                          **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

7                                          **(ERISA)**

8          24.     Plaintiff is not entitled to recover any compensatory or other monetary damages for

9    any alleged benefits as prayed for, including medical or retirement benefits, because the exclusive

10   remedy for such alleged damages is the Employee Retirement Income Security Act of 1974, as

11   amended, 29 U.S.C. Section 1001, *et seq.*

12

13                          **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

14                          **(No Entitlement to Punitive Damages)**

15         25.     Plaintiff has failed to allege facts which support the recovery of any punitive or

16   exemplary damages against Defendants under *California Civil Code* Section 3294.

17

18                          **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

19                          **(Punitive Damages/Penalties Unconstitutional)**

20         26.     Plaintiff is not entitled to recover any punitive or exemplary damages, or any

21   penalties as prayed for in the Complaint on the grounds that any award of punitive or exemplary

22   damages or penalties under California law in general, and/or any such award under California law

23   as applied to the facts of this specific action, would violate the constitutional rights of Defendants

24   under provisions of the United States and California Constitutions, including but not limited to the

25   due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and

26   the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment of the

27   United States Constitution.

28

Mitchell
Silberberg &
Knupp LLP

4929580.4

                                               7
            **ANSWER OF DEFENDANTS FRIENDLY FRANCHISEES CORPORATION AND JAMES ELLIS**

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Accommodation Requested)

27.     Plaintiff has waived or, alternatively, cannot state nor assert any cause of action for his alleged disability because he failed to identify a reasonable accommodation, within the meaning of *California Government Code* Sections 12926 or 12940, for any alleged qualifying disability.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Engage in Interactive Process)

28.     Plaintiff has waived or, alternatively, cannot state nor assert any cause of action for any alleged disability discrimination because of the failure of Plaintiff and/or his agents to cooperate and or engage in an interactive process with Defendants, including for example, by failing to provide Defendants with information relating to Plaintiffs alleged disability, his ability or inability to perform his job duties or existence or scope of any reasonable accommodation.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Not Qualified)

29.     Plaintiff was not qualified or could not perform the essential duties of his position with or without reasonable accommodation.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Risk of Safety And Health Of Plaintiff And Others)

30.     Plaintiff was not qualified or could not perform the essential duties of his position in a manner that would not endanger his health or safety or the health or safety of others, with or without reasonable accommodation.

Mitchell
Silberberg &
Knupp LLP

4929580.4

8

ANSWER OF DEFENDANTS FRIENDLY FRANCHISEES CORPORATION AND JAMES ELLIS

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Unreasonable Request/Undue Hardship)**

31.     To the extent Plaintiff claims that he requested an accommodation, such request was unreasonable and would have produced an undue hardship on the operation of Defendants. Therefore, Plaintiff cannot maintain any claim against Defendants in the Complaint, including but not limited to any claim under *California Government Code* Section 12940.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(No Certification from Health-Care Provider)**

32.     Plaintiff's claims are barred, in whole or in part, on the grounds that Plaintiff failed to provide Defendants with a health-care provider's certification of Plaintiff's alleged need for medical leave.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Good Faith/Privilege)**

33.     Plaintiff's claims are barred, in whole or in part, on the ground that all actions of Defendants alleged in the Complaint were undertaken with respect to legitimate business or economic interests, consistent with community standards, in good faith, and/or in the exercise of proper managerial discretion.  Accordingly, such actions were privileged.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(No Actual Injuries)**

34.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any actual injury by reason of any of Defendants' acts, conduct, or omissions as alleged in the Complaint.

Mitchell
Silberberg &
Knupp LLP

4929580.4

9

ANSWER OF DEFENDANTS FRIENDLY FRANCHISEES CORPORATION AND JAMES ELLIS

1

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

2

**(Injunctive Relief Improper)**

3

35.     Claims by Plaintiff for injunctive relief are barred because Plaintiff has an adequate

4

and complete remedy at law and/or cannot make the other requisite showings to obtain injunctive

5

relief.

6

7

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

8

**(No Extreme or Outrageous Conduct/No Distress)**

9

36.     Plaintiff's intentional infliction of emotional distress claim is barred because he has

10

not and cannot allege any extreme or outrageous conduct on the part of Defendants, and Plaintiff

11

has not suffered severe emotional distress, or any at all, as a result of Defendants' alleged conduct.

12

13

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

14

**(Not Proper Defendants)**

15

37.     Neither of the Defendants is a proper party to this action and should be dismissed

16

from this action because they were not Plaintiff's employer within the meaning of applicable law.

17

18

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

19

**(Reservation of Rights)**

20

38.     Defendants do not presently know all of the facts and circumstances respecting

21

Plaintiff's claims.  Defendants reserve the right to amend this Answer should they later discover

22

facts demonstrating the existence of additional affirmative defenses.

23

24

**PRAYER FOR RELIEF**

25

WHEREFORE, Defendants Friendly Franchisees Corporation and James Ellis pray for

26

judgment as follows:

27

(1)     That Plaintiff take nothing by reason of the Complaint;

28

Mitchell
Silberberg &
Knupp LLP

4929580.4

10

ANSWER OF DEFENDANTS FRIENDLY FRANCHISEES CORPORATION AND JAMES ELLIS

1      (2)     That Plaintiff's Complaint be dismissed in its entirety, with prejudice, in favor of

2  Defendants;

3      (3)     That Defendants be awarded their costs of suit incurred herein;

4      (4)     That Defendants be awarded their attorneys' fees incurred herein; and

5      (5)     That the Court order such other and further relief in favor of Defendants as the

6  Court deems just and proper.

7  DATED: October 25, 2012          Respectfully submitted,

8                          MITCHELL SILBERBERG & KNUPP LLP

9                          JOLENE KONNERSMAN

10

11                   By: _____

                              Jolene Konnersman

12                          Attorneys for Defendants

                              FRIENDLY FRANCHISEES CORPORATION

13                          and JAMES ELLIS

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Mitchell
Silberberg &
Knupp LLP

4929580.4

28

**ANSWER OF DEFENDANTS FRIENDLY FRANCHISEES CORPORATION AND JAMES ELLIS**

1

**PROOF OF SERVICE**

2 | *Ghoreishi v. Friendly Franchisees Corporation dba Carl's JR, et al.;* LASC Case No. BC 492128

3 | STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4 |     I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and am not a party to this action; my business address is Mitchell Silberberg &
5 | Knupp LLP, 11377 West Olympic Boulevard, Los Angeles, CA 90064-1683, and my business email address is lja@msk.com.
6

7 |     On October 25, 2012, I served a copy of the foregoing document(s) described as **ANSWER OF DEFENDANTS FRIENDLY FRANCHISEES CORPORATION AND JAMES ELLIS** on the interested parties in this action at their last known address as set forth
8 | below by taking the action described below:

9 | Rodney Mesriani
Tracy Neal-Lopez
10 | MESRIANI LAW GROUP
A PROFESSIONAL LAW CORPORATION
11 | 510 Arizona Avenue
Santa Monica, California 90401
12 | (310) 826-6300 Telephone
(310) 820-1258 Facsimile
13

14 | *Attorneys for Plaintiff* **ALI GHOREISHI**

15 | ☐   **BY MAIL:** I placed the above-mentioned document(s) in sealed envelope(s) addressed as set forth above, and deposited each envelope in the mail at Los Angeles, California. Each
16 |      envelope was mailed with postage thereon fully prepaid.

17 | ☐   **BY OVERNIGHT MAIL:** I placed the above-mentioned document(s) in sealed envelope(s) designated by the carrier, with delivery fees provided for, and addressed as set
18 |      forth above, and deposited the above-described document(s) with [Name of Messenger Service] in the ordinary course of business, by depositing the
19 |      document(s) in a facility regularly maintained by the carrier or delivering the document(s) to an authorized driver for the carrier.
20

21 | ☐   **BY PERSONAL DELIVERY:** I placed the above-mentioned document(s) in sealed envelope(s), and caused personal delivery by [Name of Carrier] of the document(s) listed
22 |      above to the person(s) at the address(es) set forth above.

23 | ☑   **BY PLACING FOR COLLECTION AND MAILING:** I placed the above-mentioned document(s) in sealed envelope(s) addressed as set forth above, and placed the envelope(s)
24 |      for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice for collection and processing of correspondence for mailing with
25 |      the United States Postal Service. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at 11377 West Olympic
26 |      Boulevard, Los Angeles, California 90064-1683 in the ordinary course of business.

27 | ☐   **BY ELECTRONIC MAIL:** I served the above-mentioned document electronically at _____ [a.m./p.m.] on the parties listed at the email addresses above and, to the best
28 |      of my knowledge, the transmission was complete and without error in that I did not receive

Mitchell
Silberberg &
Knupp LLP

4929514.1

1

**PROOF OF SERVICE**

1      an electronic notification to the contrary.

2      ☐   **BY FAX**: On _____ at _____ [a.m./p.m.] , from facsimile number

3      (310) _____, before placing the above-described document(s) in sealed envelope(s) addressed as set forth above, I sent a copy of the above-described document(s) to each of the individuals set forth above at the facsimile numbers listed above.  The transmission

4      was reported as complete and without error.  The transmission report was properly issued by the transmitting facsimile machine, and a copy of that report is attached hereto.

5

6      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

7      Executed on October 25, 2012, at Los Angeles, California.

8

9      LYRIC JOSEPH-ARMSTRONG

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

4929514.1

2
**PROOF OF SERVICE**

Exhibit B
Page 78

1    **PROOF OF SERVICE**

2    *Ghoreishi v. Friendly Franchisees Corporation dba Carl's JR, et al.;* LASC Case

3    No. BC 492128

4    STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

5        I am employed in the County of Los Angeles, State of California, I am over
     the age of eighteen years and am not a party to this action; my business address is
6    Mitchell Silberberg & Knupp LLP, 11377 West Olympic Boulevard, Los Angeles,
     CA 90064-1683, and my business email address is mxd@msk.com.

7

8        On **October 26, 2012**, I served a copy of the foregoing document(s) described
     as **NOTICE OF REMOVAL; DECLARATION OF JOLENE KONNERSMAN
     IN SUPPORT THEREOF** on the interested parties in this action at their last
9    known address as set forth below by taking the action described below:

10   Rodney Mesriani
     Tracy Neal-Lopez
11   MESRIANI LAW GROUP
     A PROFESSIONAL LAW
12   CORPORATION
     510 Arizona Avenue
13   Santa Monica, California 90401
     (310) 826-6300 Telephone
14   (310) 820-1258 Facsimile

15   *Attorneys for Plaintiff* **ALI
     GHOREISHI**

16

17   ☑   **BY MAIL**: I placed the above-mentioned document(s) in sealed envelope(s)
         addressed as set forth above, and deposited each envelope in the mail at Los
18       Angeles, California. Each envelope was mailed with postage thereon fully
         prepaid.

19
         I declare under penalty of perjury under the laws of the State of California
20   that the above is true and correct.

21       Executed on **October 26, 2012**, at Los Angeles, California.

22

23                                              _____
                                                Michele Glikman
24

25

26

27

Mitchell     28
Silberberg &
Knupp LLP

PROOF OF SE.1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John Kronstadt and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

## CV12- 9235 JAK (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| ALI GHOREISHI, an Individual | FRIENDLY FRANCHISEES CORPORATION; dba CARL'S JR., a California Corporation; JAMES ELLIS, an Individual; and DOES 1 through 25, Inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Rodney Mesriani and Tracy Neal-Lopez | Adam Levin (SBN 156773), axl@msk.com |
| MESRIANI LAW GROUP | Jolene Konnersman (SBN 217574), jrk@msk.com |
| A PROFESSIONAL LAW CORPORATION | MITCHELL SILBERBERG & KNUPP LLP |
| 510 Arizona Avenue, Santa Monica, California 90401 | 11377 West Olympic Boulevard |
| | Los Angeles, California 90064-1683 |
| Telephone: (310) 826-6300; Facsimile: (310) 820-1258 | Telephone: (310) 312-2000; Facsimile: (310) 312-3100 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT: $** not specific

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Family and Medical Leave Act (29 U.S.C. Section 2601, et seq.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☒ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | ☐ 446 American with Disabilities – Other | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number:    CV12-9235

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)    ☐ A. Arise from the same or closely related transactions, happenings, or events; or
     ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
     ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
     ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):**        **Date** October 26, 2012

JOLENE R. KONNERSMAN, Attorney for Defendants FRIENDLY FRANCHISEES
CORPORATION and JAMES ELLIS, erroneously sued as FRIENDLY FRANCHISEES
CORPORATION dba CARL'S JR. and JAMES ELLIST

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)             **CIVIL COVER SHEET**             Page 2 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

# PROOF OF SERVICE

*Ghoreishi v. Friendly Franchisees Corporation dba Carl's JR, et al.;* LASC Case No. BC 492128

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

 I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and am not a party to this action; my business address is Mitchell Silberberg & Knupp LLP, 11377 West Olympic Boulevard, Los Angeles, CA 90064-1683, and my business email address is mxd@msk.com.

 On **October 26, 2012**, I served a copy of the foregoing document(s) described as **CIVIL COVER SHEET** on the interested parties in this action at their last known address as set forth below by taking the action described below:

Rodney Mesriani
Tracy Neal-Lopez
MESRIANI LAW GROUP
A PROFESSIONAL LAW
CORPORATION
510 Arizona Avenue
Santa Monica, California 90401
(310) 826-6300 Telephone
(310) 820-1258 Facsimile

*Attorneys for Plaintiff* **ALI GHOREISHI**

☑   **BY MAIL:** I placed the above-mentioned document(s) in sealed envelope(s) addressed as set forth above, and deposited each envelope in the mail at Los Angeles, California. Each envelope was mailed with postage thereon fully prepaid.

 I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

 Executed on **October 26, 2012**, at Los Angeles, California.

Michele Glikman

Mitchell
Silberberg &
Knupp LLP

PROOF OF SE.1